OPINION OF THE COURT
Joseph B. Goldman, J.
In this holdover summary proceeding, petitioner, a physician and surgeon, seeks possession of apartment 1A at 137 West 77th Street, Manhattan, as against the former building superintendent, for the use of his 82-year-old father, asserting that because of his father’s health he must be near the New York Hospital, that the father’s Jamaica home is not near shopping, and he wants to be close to his family. Petitioner owns a house in Bronxville, an apartment at 11 East 86th Street (in which he claims his ex-wife lives) and an office *345 (1,600 square feet) in a two-floor brick building at 1402 York Avenue which was a residence when he purchased it in 1986. His father resides in a house in Jamaica, Queens, owned by the father’s wife. Petitioner’s father also maintains residences in East Hampton, New York and Fort Lauderdale, Florida.
Tenant’s lease expired on July 1, 1986 and prior thereto, by letter dated February 26, 1986, petitioner notified respondent that "Please note I cannot renew your lease which expires on July 1, 1986 as I need the apartment for my own personal use.” Again by memo dated March 28, 1986 petitioner wrote respondent "I am not able to renew your lease as I want Apt. 1A for my own use.” On September 24, 1986 he again wrote "I cannot renew your lease as I would like the apartment for my own use”. Finally by letter dated March 31, 1986 petitioner wrote respondent "I cannot renew your lease as I would like the apartment for my own personal use.”
The "30-day notice”, dated July 13, 1987, and served on or about July 20, 1987, stated for the first time that the owner "seeks to recover possession of the premises for the use and occupancy of his immediate family members as their primary residence in the City of New York.”
Laws of 1983 (ch 403, § 50), which amended the Administrative Code of the City of New York § YY51-6.0 (c) (9) (b), provides that an owner may recover possession "where he seeks to recover possession of one or more dwelling units for his own personal use and occupancy as his primary residence in the City of New York and/or for the use and occupancy of a member of his immediate family as his primary residence in the city of New York”.
It is clear that Satraj Props. v Toral (NYLJ, Feb. 14, 1986, at 12, col 4 [App Term, First Dept]) requires the 120-150-day notice in this proceeding. Thus the threshold question is the adequacy of the February 21, 1986 notice as a predicate on which to commence this proceeding.
Although the Rent Stabilization Code (9 NYCRR 2524.2 [b]), adopted effective May 1, 1987, requires the notice to state the ground upon which the owner relies for removal or eviction of the tenant, and the facts necessary to establish the existence of such ground, it would be manifestly unfair to hold the owner to a standard set in the newly effective Code for a notice required to be served more than a year previous. This court will not do so. (Rose Assocs. v Bernstein, NYLJ, Apr. 7, 1988, at 16, col 1 [Civ Ct, NY County, Friedman, J.].)
*346 The issue squarely confronting this court is whether a notice "for my own use” is the same as "for my family’s use”. This court thinks not.
One of the more rudimentary tenets of statutory construction is that legislation should be interpreted as written and language is not to be interpreted as redundant. If "my own use” were to be the same as "my immediate family use” the statute would be redundant. This court finds that "my own use” and "my immediate family use” are not the same and thus the 120-150-day notice herein is inadequate for this proceeding.
The rules requiring precision and clarity apply to notices required to be served under the Rent Stabilization Code. (615 Co. v Mikeska, NYLJ, Mar. 16, 1987, at 39, col 1 [App Term, First Dept].) The notice served herein fails to meet this test.
Petition dismissed after trial.