■ MARGARET J. TARPINIAN, Respondent, v WILLIAM G. TARPINIAN, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court (Conway, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered May 8, 1989 in Albany County, upon a decision of the court.

After 18 years of marriage, the parties separated in May

1986 when defendant moved out of the marital residence. The parties' assets consisted of two cars, individual retirement accounts maintained in each party's name, the proceeds of defendant's 401 (k) plan and the marital residence with its furnishings. Each party retained his or her individual retirement account and took possession of one of the family cars, and defendant gave one half of the proceeds of his 401 (k) plan to plaintiff. Plaintiff remained in the marital residence with the parties' three children and defendant resided in an apartment. Following a trial on the issue of equitable distribution, Supreme Court held that the only marital asset was the marital residence, with its furnishings, and awarded exclusive title and possession of the asset to plaintiff. Defendant appeals.

We reject defendant's claim that Supreme Court's decision is inadequate. The decision conforms with the mandate of Domestic Relations Law § 236 (B) (5) (g) in that the relevant statutory factors (see, Domestic Relations Law § 236 [B] [5] [d]) were considered, and the record provides an adequate basis for intelligent appellate review (see, Reina v Reina, 153 AD2d 775, 776).

In awarding exclusive title and possession of the marital residence to plaintiff, Supreme Court noted plaintiff's contributions during the early years of the marriage, which enabled defendant to obtain a degree in accounting, and the 20 years of work she devoted to maintaining the house, bearing and raising the children, and preserving the family while defendant was able to pursue his vocation. As defendant points out, the undisputed facts establish that he, too, made significant contributions to the marriage. After completing his education in 1973, defendant was the principal provider of his family's support until the parties separated in 1986, and there is nothing in the record to suggest that defendant engaged in any conduct that should preclude him from sharing in the marital asset that was acquired, at least in part, due to his contributions. Although a very marked discrepancy in the probable future financial circumstances of the parties can justify an award to one of the parties of the net proceeds from the sale of the only marital asset (see, Ruvolo v Ruvolo, 133 AD2d 364, 366), the circumstances of this case do not warrant such a result. Bearing in mind that equitable distribution does not require equal distribution (see, Arvantides v Arvantides, 64 NY2d 1033, 1034), and recognizing the disparity in the parties' earning capacities and the contributions made by plaintiff in the early years of the marriage which enabled defendant to

obtain his degree in accounting, we are of the view that the net proceeds of the sale of the marital residence should be distributed 60% to plaintiff and 40% to defendant.

Defendant concedes that plaintiff is entitled to exclusive possession of the marital residence while she raises the parties' children but seeks to impose a time limit on her exclusive possession. We conclude that plaintiff's possession of the marital residence should terminate upon the parties' youngest child reaching the age of 21 or upon that child's earlier emancipation (see, McDicken v McDicken, 109 AD2d 734, 735). As to the furnishings of the marital residence, which appear to be of modest value, we see no basis for disturbing Supreme Court's award of those furnishings to plaintiff.

Defendant also contends that Supreme Court erred in awarding counsel fees to plaintiff on the basis of a posttrial affidavit submitted by plaintiff's attorney and objected to by defendant. We agree. Under such circumstances, a hearing was required (see, Oswald v Oswald, 154 AD2d 817; Osborn v Osborn, 144 AD2d 350, 352).

Judgment modified, on the law and the facts, without costs, by deleting so much thereof as awarded plaintiff exclusive possession of and title to the marital premises and counsel fees in the amount of $4,500; plaintiff is awarded exclusive possession of the marital premises until the parties' youngest child is 21 or otherwise emancipated, when the marital residence shall be sold and the net proceeds distributed 60% to plaintiff and 40% to defendant, and matter remitted to the Supreme Court for a hearing on plaintiff's application for counsel fees; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.