OPINION OF THE COURT
Per Curiam.
Final judgment dated June 28, 1989 affirmed, with $25 costs.
Order dated December 21, 1989 modified by granting petitioner’s motion to the extent of remanding the matter to the Civil Court for a hearing to determine the amount of reasonable attorney’s fees due to petitioner; as modified, order affirmed, without costs.
In our earlier disposition in this case, we remanded to the court below for findings on the issue of whether the owner was proceeding in good faith to recover possession of the subject premises for the use of members of his immediate family (Powers v Babic, 143 Misc 2d 58). Upon review of the trial transcript and additional submissions, the Housing Judge found petitioner’s testimony "credible and sincere with regard to his stated intended use of respondent’s apartment”. The court’s resolution of the issues is amply supported by the record evidence. It is clear that petitioner honestly sought the premises for the benefit and use of his ailing father and stepmother. Notwithstanding the subsequent death of the father, petitioner’s stepmother qualifies as a "family member” for whom possession may be sought (Rent Stabilization Code [9 NYCRR] § 2524.4 [a] [1]; § 2520.6 [n]). Indeed, the termination notice (served in July 1987) specifically stated that petitioner required the premises for the use of his father as well as his stepmother, Vera Powers.
Tenant’s failure to surrender possession upon expiration of the lease constituted a breach triggering the attorney’s fees provision (see, Cier Indus. Co. v Hessen, 136 AD2d 145; Sessler v Ross, NYLJ, Oct. 24, 1988, at 23, col 1 [App Term, 1st Dept]). The matter is remanded for a hearing to determine the amount of reasonable attorney’s fees incurred by petitioner in the successful prosecution of this proceeding.
Ostrau, P. J., Parness and Miller, JJ., concur.