■ RUSSELL J. KELLOGG, Respondent, v CHARLES F. KEL-LOGG, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Rose, J.), entered September 26, 1989 in Tompkins County, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint.

In March 1979, defendant opened a Mobil service station as a sole proprietorship in the City of Ithaca, Tompkins County. Over the next nine years, the business expanded to include a bottle and can redemption center and a tobacco outlet. Plaintiff, defendant's brother, apparently worked with defendant at the business from December 1981 through January 1983. Plaintiff also helped defendant by loaning him significant sums of money which defendant claims were repaid. These loans were always evidenced by written documents such as promissory notes. In August 1984, defendant borrowed $15,000 from plaintiff to meet unanticipated business expenses. On August 13, 1984, for disputed reasons, plaintiff and defendant executed a document entitled "Partnership Agreement". This agreement provided that the parties were equal partners and that defendant was to transfer all of the business assets to the partnership. Additionally, the agreement further provided that plaintiff was to make all decisions affecting the operation

of the business of the partnership, and that defendant had no authority to make any such decisions absent written authority by plaintiff. A "Business Certificate for Partners" signed by the parties on that day and filed in the County Clerk's office provided that plaintiff and defendant were the successors in interest to defendant, who had previously conducted business as an individual.

Thereafter, the parties worked together at the business from August 1984 until December 1985, with profits from the business divided equally. Plaintiff did not work at the business after 1985, but he cashed monthly checks in the amount of $3,000 from January 1986 until February 1989, after which plaintiff's signature was taken off the checking account. Plaintiff subsequently commenced this action principally seeking a dissolution of the partnership, an accounting and appointment of a receiver. Together with the complaint, plaintiff served an order to show cause seeking, among other things, the continuation of the partnership business during the pendency of the action and his appointment as receiver. Defendant generally denied the allegations in the complaint, stated several affirmative defenses and interposed 10 counterclaims. In his answer, defendant asserted that the "partnership agreement" entered into by the parties was not a true partnership but was merely executed to provide security for the repayment of $15,000 which plaintiff loaned to defendant. Following plaintiff's service of a verified reply, defendant moved for summary judgment and plaintiff cross-moved for the same relief. Supreme Court denied both motions and ordered a hearing. This appeal by defendant followed.

We affirm. In our view, Supreme Court correctly denied defendant's motion for summary judgment. It is well settled that "[s]ummary judgment is a drastic remedy which should not be granted where there is any arguable doubt as to the existence of a triable issue" *(Saranac Lake Fed. Sav. & Loan Assn. v Fidelity & Deposit Co.,* 159 AD2d 895, 896; *see, Munzer v St. Paul Fire & Mar. Ins. Co.,* 145 AD2d 193, 197). Here, several issues of fact have been presented which cannot be summarily resolved. For instance, it is sharply disputed whether the parties truly intended to enter into a partnership agreement and, if so, whether it was breached by the parties' actions. While the sharing of profits may constitute prima facie evidence of the existence of a partnership *(see,* Partnership Law § 11 [4] ), this presumption can be rebutted *(see, Boyarsky v Froccaro,* 131 AD2d 710, 712; *Missan v Schoenfeld,* 95 AD2d 198, 208). Although the written documents in this

case make it appear that the parties intended a partnership, defendant's affidavit based on first-hand knowledge of the parties' past financial dealings alleging that he reasonably believed that the agreement was merely security for a loan raises questions of fact concerning the parties' true intent which cannot be summarily decided *(see, Boyarsky v Froccaro, supra,* at 713).

Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.