■ DOROTHY M. GREENMAN, Respondent, v DONALD L. GREENMAN, Appellant.—Weiss, J. Appeal from a judgment of the Supreme Court (Ingraham, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered October 2, 1990 in Cortland County, upon a decision of the court.

After 40 years of marriage the parties separated in 1987 and this action for divorce was commenced by plaintiff in 1989. Following a trial, Supreme Court divided the marital property on a fairly equal basis, with defendant receiving $3,377 more than plaintiff. Defendant has appealed.

Defendant initially contends that the Trial Judge erred in refusing to recuse himself from the case on the basis that the Judge had presided over another unrelated matter involving defendant. This is not a ground warranting a legal disqualification *(People v Collins,* 136 AD2d 722, 724, *lv denied* 71 NY2d 894) and a discretionary decision on a recusal motion is generally a matter of personal conscience. Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal *(People v Moreno,* 70 NY2d 403). Here, the record fails to demonstrate that the Trial Judge abused his discretion in presiding over the trial.

Defendant also contends that Supreme Court erred in its acceptance of the valuation of real property by plaintiff's expert and that the court should have accepted the real property tax assessment as the value of the properties. We disagree. Supreme Court has broad discretion in crediting the testimony of an expert witness *(Oswald v Oswald,* 154 AD2d 817, 819). The record shows no abuse of discretion by the court in its acceptance of the opinion of a fully accredited expert over the tax assessment value particularly where, as here, there has been no evidence of the equalization rate applied to the properties.

In his remaining contention defendant has challenged the distribution of the marital property. There is no requirement that marital assets be. liquidated prior to distribution or that distribution of each item of marital property be made on an equal basis *(Arvantides v Arvantides,* 64 NY2d 1033, 1034; *Monks v Monks,* 134 AD2d 334, 336). Rather, property acquired during the marriage should be equitably distributed in a manner reflecting the individual needs and circumstances of the parties *(Coffey v Coffey,* 119 AD2d 620, 622). The distribu-

tion made in this case leaves each party with a home and an automobile (and part of the available cash), which appears to represent a fair distribution of the parties' nonliquid property, and should be affirmed.

Mahoney, P. J., Casey, Levine and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.