■ EDWARD W. POWERS, III, Respondent, v DRAGAN BABIC, Appellant.—Order, Appellate Term of the Supreme Court, New York County, entered December 27, 1990, which, *inter alia*, unanimously affirmed the judgment of the Civil Court, New York County (Joseph B. Goldman, J.), entered on or about June 28, 1989, awarding possession of the subject apartment to petitioner, unanimously affirmed, without costs.

In this owner occupancy proceeding pursuant to Rent Stabilization Code (9 NYCRR) § 2524.4 (a), Civil Court initially dismissed the landlord's petition, after trial, upon the ground that the 120-150 day notice of non-renewal was defective *(Powers v Babic,* 141 Misc 2d 344) but Appellate Term reversed and remanded to Civil Court "for findings of fact on the issue of [petitioner's] good faith" *(Powers v Babic,* 143 Misc 2d 58).

On remand, Civil Court, reviewing the pre-remand trial transcript that had been made before it, and without conducting a hearing, concluded that the petitioner did evince the requisite good faith in seeking to recover possession of the apartment for his ailing father and stepmother, and awarded him possession. Respondent moved to vacate this judgment after learning that petitioner's father had died shortly before Civil Court had rendered its decision. This motion was denied by Civil Court on the ground that Rent Stabilization Code § 2520.6 (n) includes "stepmother" in the definition of immediate family. Appellate Term unanimously affirmed.

Contrary to respondent's contention, Appellate Term's remand did not require that Civil Court conduct another hearing on the issue of the petitioner's good faith. Rather, Appellate Term simply recognized that Civil Court, having observed the witnesses' demeanor and heard their testimony, was in a better position to make findings of fact on the issue of good faith, especially as the issue rested in large measure on considerations relating to the credibility of witnesses *(Nightingale Rest. Corp. v Shak Food Corp.,* 155 AD2d 297). This Civil Court did, after reviewing the record that had been made before it prior to the remand.

Nor did the death of the petitioner's father, in the interim, require vacatur of the judgment of possession since the 30-day notice of termination served by petitioner on respondent specifically stated that petitioner intended to recover posses-

sion of the premises for the use and occupancy of his step-mother as well as his father (Rent Stabilization Code § 2520.6 [n]). Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ. *[See,* 148 Misc 2d 952.]