■ RITA E. MONETTE, Appellant, v JOSEPH H. MONETTE, Respondent.—Weiss, J. P. Appeal from a judgment of the Supreme Court (Viscardi, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered December 15, 1989 in Clinton County, upon a decision of the court.

Following a nonjury trial, Supreme Court awarded plaintiff a divorce, made equitable distribution of marital property and awarded plaintiff custody of the two children and $110 a week as child support. Plaintiff has appealed from all parts of the judgment except so much as granted her a divorce.

Plaintiff first argues that it was an abuse of discretion to award her only 40% of the value of the marital residence and defendant 60% rather than an equal 50/50 split after crediting the contributions of each out of their separate premarital assets toward its purchase. Supreme Court found that the $20,000 purchase price was paid for with $5,480.62 of plaintiff's separate funds and $14,519.38 from defendant's premarital savings. The records of defendant's premarital bank accounts allegedly disappeared before the trial but plaintiff did not controvert the assertion that defendant had saved $25,000 prior to the marriage. The proof showed that defendant continued to contribute his labor and earnings to improve the property and to construct an addition to their house in which plaintiff operated her beauty parlor business. Supreme Court also found that plaintiff had the ability to earn more than defendant and gave her exclusive possession of the property until the children became emancipated. It is axiomatic that equitable distribution does not require that the distribution be equal *(Arvantides v Arvantides,* 64 NY2d 1033, 1034; *Butler v Butler,* 171 AD2d 89, 93; *Greenwald v Greenwald,* 164 AD2d 706, 713, *lv denied* 78 NY2d 855; *Tarpinian v Tarpinian,* 160 AD2d 1063, 1064). Supreme Court found defendant's testimony more worthy of belief and, inasmuch as evaluation of the credibility of witnesses and quality of the proof can best be made by the trial court having direct access to the parties, we

afford its findings the greatest respect and hesitate to substitute our evaluation for that of the trial court *(Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Eschbach v Eschbach,* 56 NY2d 167, 173; *Matter of Schwartz v Schwartz,* 144 AD2d 857, 859, *lv denied* 74 NY2d 604).

Plaintiff contends that Supreme Court failed to comply with Domestic Relations Law § 236 (B) (5) (g) and (6) (b) by setting forth and enumerating the factors considered and its reasoning in making the award of equitable distribution. We cannot agree that the decision is improper or requires remittal and find instead that the record affords an adequate basis for intelligent appellate review *(see, Tarpinian v Tarpinian, supra,* at 1064). There is no rigid catechism which requires that a trial court parrot the words of the statute verbatim. It is sufficient when, as here, the court sets forth the factors which it did consider and states the reasons for its decision *(see, Cappiello v Cappiello,* 66 NY2d 107, 110; *O'Brien v O'Brien,* 66 NY2d 576, 589). From our review of the record, we are satisfied that the statutory factors were considered by Supreme Court and that the reasons for its award are amply articulated *(see, Reina v Reina,* 153 AD2d 775, 776).

A recapitulation of the marital property to be equitably distributed exclusive of the marital residence shows that Supreme Court did include $9,495 as the then-present value of defendant's pension earned during the marriage. Plaintiff's argument that Supreme Court abused its discretion in failing to award her maintenance is meritless. The court found that plaintiff· was seven years younger and much more educated than defendant, who worked as a laborer in a paper mill, and that during the marriage plaintiff continued her college education enhancing her skills as a cosmetologist. Plaintiff also continued the beauty parlor business she owned before the marriage which the court determined enabled her to be self-sustaining and obviated the need for maintenance *(see, Reina v Reina, supra,* at 777; *see also, Iwanicki v Iwanicki,* 138 AD2d 353). In addition, she will receive child support and exclusive use of the marital residence.

In sum, we find that the judgment should be affirmed.

Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.