■ RUSSELL J. KELLOGG, Appellant-Respondent, v CHARLES F. KELLOGG, Respondent-Appellant.—Harvey, J. Cross appeals from a judgment of the Supreme Court (Monserrate, J.), entered May 15, 1991 in Tompkins County, upon a decision of the court in favor of defendant.

A more detailed recitation of the facts in this matter can be found in this court's prior decision in this case (169 AD2d 912). Briefly stated, the parties are brothers who executed a document entitled "Partnership Agreement" on August 13, 1984, after a series of events which resulted in plaintiff providing a loan and other help to defendant to operate an expanded service station in the City of Ithaca, Tompkins County. Thereafter, the parties worked together at the service station until disputes arose between them. Plaintiff left the business and was issued monthly checks of $3,000 from defendant until February 1989. Eventually, plaintiff commenced this action alleging that a partnership had been formed and seeking, *inter alia,* dissolution of the partnership and an accounting. In defendant's answer, he asserted that the document signed by the parties was actually a security agreement for a $15,000 loan from plaintiff. Defendant also asserted numerous affirmative defenses and counterclaims. The parties'

---

in ordinary course from a person in the business of selling goods of that kind" (UCC 1-201 [9]).

cross motions for summary judgment were denied by Supreme Court and that decision was affirmed by this court on appeal (169 AD2d 912, *supra*). Subsequently, a nonjury trial was held after which Supreme Court found, among other things, that no partnership between the parties had been created. Judgment was entered dismissing the complaint and the counterclaims and these cross appeals ensued.

Initially, plaintiff essentially contends that Supreme Court's finding that no partnership existed between the parties was against the weight of the credible evidence. Therefore, he urges this court to examine the record, reverse the judgment and grant relief in his favor. We disagree. While it is true that in reviewing a verdict from a nonjury trial this court has authority as broad as Supreme Court to grant judgment in one party's favor, we are nonetheless generally deferential to Supreme Court's credibility determinations, especially in a close case or on sharply contested issues *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Monette v Monette,* 177 AD2d 802, 802-803). Significantly, in this case the question of whether a partnership existed was harshly disputed and potentially credible evidence was submitted on both sides. Among the factors to be considered in determining whether a partnership was created are " 'the intent of the parties (express or implied), whether there was joint control and management of the business, whether there was a sharing of the profits as well as a sharing of the losses, and whether there was a combination of property, skill or knowledge' " *(Boyarsky v Froccaro,* 131 AD2d 710, 712, quoting *Ramirez v Goldberg,* 82 AD2d 850, 852).

Here, while plaintiff certainly presented evidence which supported his contention that a partnership was created, there was ample proof at trial to support Supreme Court's decision. Although plaintiff testified that a partnership was unequivocally created, he admitted on cross-examination that a tax identification number was never applied for, the insurance and alcohol license were never changed into the partnership name, and plaintiff's name was never added to the lease for the premises. The parties' accountant testified that the parties' income tax returns and any financial statements drawn up for the business were prepared as though the business was a sole proprietorship. The attorney who prepared the "Partnership Agreement" admitted that he had drafted earlier agreements between the parties which, although titled otherwise, were intended to be security agreements that would protect plaintiff's loan only if defendant died or became dis-

abled. Defendant testified that he understood that the subject agreement was only meant to be a security agreement to protect plaintiff's interests in case he died. An examination of the agreement itself indicates that, although it contains clauses resembling those typically found in partnership agreements, it also uncharacteristically leaves all control of the business to plaintiff and states that its primary purpose is to protect the parties in case of death or disability of the other. Further, the arrangement whereby plaintiff received monthly checks of $3,000 instead of splitting the business's profits was inconsistent with a partnership. Because this and other evidence supports the decision, we decline to disturb the judgment of Supreme Court which had the advantage of hearing the witnesses and assessing their credibility for itself (see, Monette v Monette, supra).

The remaining arguments of the parties have been reviewed and are either lacking in merit or were rendered academic by this court's resolution of the foregoing issue. Despite defendant's contentions otherwise, his counterclaims were properly dismissed because the record is devoid of any proof of any wrongdoing on the part of plaintiff who was paid pursuant to the parties' agreements. Notably, defendant admitted at trial that the compensation he paid to plaintiff was a gift to show defendant's appreciation for plaintiff's help with the business.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.