■ MARGARET A. YASPARRO, Respondent, v DOMENICK YASPARRO, Appellant. [615 NYS2d 753] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Prudenti, J.), dated March 11,

1992, which, *inter alia,* after a nonjury trial, directed the husband to pay $100 per week in child support, valued the family business at $50,000, and awarded him only 40% of the value of that business.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the husband's contentions, it was not an improvident exercise of discretion for the trial court to rely upon the wife's expert's opinion regarding the value of the family business, a Lemon Tree beauty salon franchise. The evaluation of the credibility of witnesses and quality of proof can best be made by the trial court, which has direct access to the parties, and appellate courts afford such determinations great weight *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492; *Monette v Monette,* 177 AD2d 802; *Greenman v Greenman,* 175 AD2d 360).

The husband contends further that the court improperly awarded him 40% of the value of the family hair salon. We disagree. The trial court properly considered both parties' investment of time and money in running the business since its creation in 1983. While the husband initially made significant financial contributions, the wife worked at the salon on a daily basis throughout the marriage and after the couple's separation. Accordingly, the court distribution of 40% of the value of the salon to the husband and 60% to the wife was appropriate *(see, Scalfani v Scalfani,* 178 AD2d 830; *Monette v Monette,* 177 AD2d 802, *supra).*

The husband's remaining contentions are without merit. Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.