■ THOMAS M. ELLIS, JR., Respondent, v RENATA O. ELLIS, Appellant. [653 NYS2d 180] —Cardona, P. J. Appeal from a judg-

ment of divorce of the Supreme Court (Rose, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered October 20, 1995 in Broome County, upon a decision of the court.

The parties were married in 1982 and have one child. Plaintiff is president (having assumed that position in 1991) of Ellis Brothers and Joseph, Inc., a closely held family furniture business (hereinafter the business). Plaintiff, one of four shareholders, holds 598 shares (34%) acquired either prior to the parties' marriage or by gift or bequest thereafter.

Defendant has two college degrees, an Associate in Applied Science (Dental Hygiene) and a Bachelor of Science (Health Education). She has accrued six credits toward a Master's degree in education which she needs to obtain permanent certification as a teacher. Defendant was employed as a dental hygienist until 1986, when she left to become a full-time homemaker. At the time of trial, defendant was employed part time as a teacher.

Plaintiff commenced a divorce action in November 1993 and defendant counterclaimed for divorce in early December 1994. At the beginning of trial, both parties consented to dual divorces. Defendant also sought to have Supreme Court recuse itself due to a prior relationship with one of plaintiff's experts. Supreme Court refused. It indicated that it was socially acquainted with plaintiff's expert through the local Chamber of Commerce. Furthermore, the court stated that it had used the expert's accounting firm for tax assistance between 1986 and 1988; however, it had not utilized the firm since that time.

The principal contested issue at the nonjury trial was equitable distribution of the parties' marital property, particularly the appreciation in value of plaintiff's stock in the business. Supreme Court accepted the proof offered by defendant's expert and valued the stock appreciation at $169,605. In a decision dated February 3, 1995, Supreme Court, *inter alia*, found that defendant failed to demonstrate either her own or plaintiff's direct contributions to the appreciation in value of this separate property pursuant to *Price v Price* (69 NY2d 8, 18) and declined to award defendant any portion thereof. However, subsequent to the issuance of its decision, the Court of Appeals decided *Hartog v Hartog* (85 NY2d 36), which recognized that even a small degree of participation during the marriage by the titled spouse regarding the separate nonpassive asset was sufficient to transmute the appreciated value of the asset into marital property subject to equitable distribution in proportion to the extent of the titled spouse's participation (*see, id.*, at 46).

Thereafter, prior to the entry of judgment, Supreme Court notified the parties that it intended to modify its decision in light of *Hartog v Hartog (supra)*, pursuant to CPLR 4404 (b), and invited further submissions. Supreme Court awarded defendant the additional sum of $5,088, as her share of the marital portion of the appreciation of plaintiff's stock interest. A judgment incorporating both decisions and directing, *inter alia*, equitable distribution of the parties' marital assets, was entered on October 17, 1995. Defendant appeals.

Initially, we find no error in Supreme Court's refusal to recuse itself. Judiciary Law § 14 does not mandate recusal where, as here, the request is grounded upon the relationship of the court to a witness, as opposed to a party (*see, People v Willsey*, 148 AD2d 764, 766, *lv denied* 74 NY2d 749). Nor do the rules of the Chief Administrator of the Courts (22 NYCRR 100.3 [c]) require recusal under the circumstances in this case. Thus, the decision to recuse in this instance was a matter of personal conscience (*see, People v Smith*, 63 NY2d 41, 68, *cert denied* 469 US 1227; *Greenman v Greenman*, 175 AD2d 360, *lv dismissed* 78 NY2d 1124) and, in the absence of any actual bias or impropriety on the part of the court appearing in the record, we do not find any abuse of its discretion in presiding over the trial (*see, Greenman v Greenman, supra*). Significantly, in regard to the allegation of bias, we note that the court accepted defendant's expert's valuation of plaintiff's stock interests.

Plaintiff's primary contention is that Supreme Court erred by failing to award her a greater portion of the appreciated value of plaintiff's stock interest in the business. She notes that she only received 3% of the total appreciation. In addressing this contention, we begin by noting that marital assets need not be distributed on an equal basis (*see, Monette v Monette*, 177 AD2d 802; *Greenman v Greenman*, 175 AD2d 360, *supra*). That said, we first find that Supreme Court properly reduced defendant's expert's valuation of the appreciated value of plaintiff's stock shares from $169,605 to $127,203.75. Under the circumstances here, the application of a 25% discount for the lack of marketability of plaintiff's shares was appropriate because his shares in this closely held corporation could not be readily sold on a public market (*see, Lehman v Piontkowski*, 203 AD2d 257, 259, *lv dismissed* 84 NY2d 890; *see also, Matter of Seagrott Floral Co.*, 167 AD2d 586, 588, *mod* 78 NY2d 439; *Matter of Blake v Blake Agency*, 107 AD2d 139, 149, *lv denied* 65 NY2d 609).

Next, we find that Supreme Court properly applied the

principles set forth in *Hartog v Hartog* (85 NY2d 36, *supra*) in determining the extent of the distributive award to be made to defendant for the appreciation in value of plaintiff's separate stock interest. Having correctly determined that plaintiff's involvement in the ongoing business was active, the court was then required to determine what percentage of the total appreciation in value of his stock interest constituted marital property subject to equitable distribution (*see, id.*, at 48-49). Before making the determination, the court properly considered the extent of plaintiff's efforts with respect to his interest, in relation to the efforts of his five other siblings who also worked in business. In this regard, we note that the record supports Supreme Court's use of plaintiff's sales history, rather than his relatively brief tenure as president, as a more accurate measure of his efforts in the business, because it reflected a longer period of active involvement during the parties' marriage (from 1979 through 1990) than his management activity (from 1990 through commencement of the divorce action in 1993). There is also support for Supreme Court's additional finding that plaintiff's active participation in the business was responsible for 20% (or $25,440.75) of the appreciation in value of his stock interest. Plaintiff gave unrefuted testimony that he personally generated 20% of the total sales of the business between 1983 and the date of the trial. Based on the evidence before it, Supreme Court correctly determined that 20% of the total appreciation of his stock interest in the business constituted marital property subject to equitable distribution (*see*, Domestic Relations Law § 236 [B] [1] [c]; [5] [d] [6]; *Hartog v Hartog*, 85 NY2d 36, 48-49, *supra*; *Price v Price*, 69 NY2d 8, 17-18, *supra*).

Following its determination that 20% of the appreciation of plantiff's stock interest constituted marital property, Supreme Court correctly proceeded to examine whether this appreciation was "due in part" (*Price v Price, supra*, at 17) to defendant's direct and indirect contributions as a spouse, parent and homemaker (*see*, Domestic Relations Law § 236 [B] [5] [d] [6]; *Price v Price, supra*). Based upon our review of the record, we cannot say that Supreme Court erred in awarding defendant 20% of the appreciation in value based upon her contributions as spouse, parent and homemaker during the parties' marriage. Accordingly, we affirm Supreme Court's distributive award of $5,088.

Defendant also claims error in Supreme Court's refusal to permit her to offer further testimony following the completion of her direct case and after the completion of plaintiff's case. We note that it is "within the discretion of [a trial] court

whether or not to allow reopening· of the case, but such discretion should be sparingly exercised" (*Mulligan v Wetchler*, 39 AD2d 102, 105, *appeal dismissed* 30 NY2d 951). Defendant bore the burden of proof on the issue of equitable distribution of the appreciation in value of plaintiff's stock interest and failed, despite several opportunities, to elicit evidence concerning which customers, if any, she had procured for the business, during her direct case. Under such circumstances, we cannot say that Supreme Court's denial of defendant's request was a clear abuse of discretion (*see, Saleh v Sears, Roebuck & Co.*, 119 AD2d 652, 653, *lv denied* 68 NY2d 611).

We also find that the award of counsel and expert fees in an amount less than that requested by defendant was not an improvident exercise of Supreme Court's discretion in view of the financial circumstances of the parties and the other circumstances of the case (*see, De Cabrera v Cabrera-Rosete*, 70 NY2d 879, 881; *O'Brien v O'Brien*, 66 NY2d 576, 590; *Blechman v Blechman*, 234 AD2d 693; *Feldman v Feldman*, 194 AD2d 207, 219).

We have considered defendant's remaining contentions and find that they are either unpreserved for appellate review or lack merit.

Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.