■ Kevin A. Mulverhill, Appellant, v Terri L. Mulverhill, Respondent. [702 NYS2d 457] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Main, Jr., J.), ordering, *inter alia,* equitable distribution of the parties' marital property, entered May 21, 1999 in Franklin County, upon a decision of the court.

The parties were married in 1985 and, in January 1998, plaintiff commenced this action for divorce. Following service of defendant's answer and counterclaim, the parties stipulated to resolution of all issues, including child support, relating to the dissolution of the marriage, except the issue of maintenance. In June 1998, Supreme Court conducted a trial on that issue and granted defendant an award of maintenance for 10 years in the amounts of $175 per week for the first three years, $150 per week for the next five years and $125 per week for the last two years. Plaintiff appeals.

We affirm. In making an award of maintenance, Domestic Relations Law § 236 (B) (6) (a) sets forth the factors to be considered and it is incumbent upon the trial court to identify and discuss the factors it relied upon in making its award (*see, Hapeman v Hapeman,* 229 AD2d 807, 811). In the instant case, evidence was adduced that plaintiff earned an annual salary of approximately $57,800. In 1997 and 1998, plaintiff participated in the mandatory overtime program receiving $5,244 and $5,646, respectively. He testified at trial that he discontinued participation in this program because, after deducting taxes

and his child support obligations, the extra income was not worth the additional work. Plaintiff stated that he also owned rental property, but that it operated at a loss of $2,200 per year.

Defendant testified that, after graduating from high school, she worked at a flower shop but left employment in August 1986 to care for the parties' first child. She stated that, when the parties' second child was two, she returned to work as a seamstress at a company known as Tru Stitch earning $8 per hour. She indicated that she left that job in 1995 to care for the parties' third child and returned to the same company in May 1998 performing a different job at a wage of $5.15 per hour. Her annual income at the time of trial was approximately $10,000. According to both parties, defendant devoted most of her time during the marriage to taking care of the children and household. The parties' respective statements of net worth disclose the absence of any substantial assets other than the marital residence which the parties agreed to sell and use the proceeds to satisfy joint debts. While the children's health insurance was covered by plaintiff's employment, defendant stated that she obtained her own insurance at a cost of $240 per month. Defendant further stated that, after resuming work, she incurred child care expenses of $10 per day. Plaintiff, on the other hand, was obligated to pay child support of approximately $297 per week.

In making its award of maintenance, Supreme Court considered many of the statutory factors set forth in Domestic Relations Law § 236 (B) (6) (a) including (1) the significant disparity in income between the parties, (2) the duration of the parties' marriage, (3) the relative health and youth of the parties, (4) plaintiff's superior future earning capacity, (5) the tax advantages arising from the deduction of any maintenance award from plaintiff's gross income, and (6) plaintiff's "cavalier disposal of his ability to earn overtime income". The last factor was taken into account by the court as one of the "other factor[s]" (Domestic Relations Law § 236 [B] [6] [a] [11]) relevant to an award of maintenance (see, *Rheinheimer v Rheinheimer*, 235 AD2d 742, 743). Taking into consideration all the evidence, we cannot say that Supreme Court abused its discretion in awarding durational maintenance to defendant.

Contrary to plaintiff's claim, we do not find that recusal of Supreme Court was required under the circumstances presented herein. There was no mandatory ground for recusal presented either under Judiciary Law § 14 or the rules of the Chief Administrator of the Courts (22 NYCRR 100.3 [E]).

Furthermore, the record does not indicate any bias or impropriety on the part of the court in hearing the case (*see*, *Ellis v Ellis*, 235 AD2d 1002, 1004).

Mercure, Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.