■ CLAUDE HORSFORD et al., Respondents, v YVONNE BACOTT, Appellant, and "JOHN DOE" et al., Respondents. [820 NYS2d 554]—

Order of the Appellate Term of the Supreme Court, First Department, entered November 18, 2004, which affirmed a judgment of Civil Court, New York County (Cyril K. Bedford, J.), entered on or about November 17, 2003, after a nonjury trial, awarding possession of the subject premises to petitioners, affirmed, without costs.

In this proceeding to recover a rent-stabilized apartment for the use of a member of the landlords' immediate family (see Rent Stabilization Code [9 NYCRR] § 2524.4 [a] [1]), the dissent would have us set aside Civil Court's finding of fact in favor of the landlords, which Appellate Term has affirmed. The dissent would have us do this based solely on the theory—without any precedent in this Court—that the immediate family member's testimony was required to establish a prima facie case for the landlords. In support of this theory, which the tenant's counsel never argued in Civil Court, the dissent cites only an officially unreported decision of Kings County Civil Court—a decision that, by definition, does not address the standard of review to be applied by an appellate court on an appeal from a judgment rendered after a bench trial. We are not persuaded by the dissent's assertion that we should adopt the new rule it would have us apply, nor are we persuaded by the lower court authority the dissent cites in support of the rule. Accordingly, since the factual determination on which the judgment of Civil Court is based is supported by sufficient evidence and comports with the weight of the evidence, we affirm Appellate Term's order affirming that judgment.

Petitioner landlords are a married couple whose livelihood depends in part on the rental income they receive from the tenants of their five-story walk-up building. At trial, petitioner Daphne Horsford testified that she and her husband needed the subject apartment for their daughter because the daughter's room in petitioners' apartment was needed to accommodate Mrs. Horsford's brother and sister-in-law, who were about to immigrate to the United States from St. Kitts under Mrs. Horsford's sponsorship. At the close of petitioners' evidence, respondent's counsel moved to dismiss the petition for failure to present a prima facie case based upon the alleged inadequacy of the termination notice. Significantly, respondent's counsel did not argue that the testimony of petitioners' daughter was

required to establish a prima facie case in their favor. After trial, Civil Court determined, based on Mrs. Horsford's testimony, that petitioners genuinely intended to use the subject apartment for their daughter, and entered judgment accordingly. On appeal, the judgment was affirmed by Appellate Term.

We reject the dissent's view that petitioners could not sustain their burden of proving a good faith intention to have their daughter use the apartment "as . . . her primary residence in the City of New York" (Rent Stabilization Code [9 NYCRR] § 2524.4 [a] [1]) without presenting the testimony of the daughter herself. We again note that respondent raises this argument for the first time on appeal, her counsel having failed to make it during trial, when it may have been possible for petitioners to rectify any perceived deficiency in their proof. For this reason the principle from *Chateau D' If Corp. v City of New York* (219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]) relied upon by the dissent has no application here, since, if the issue had been raised at the proper point in Civil Court, petitioners could have addressed it. In any event, Mrs. Horsford's testimony, if credited by the factfinder, was sufficient to prove petitioners' intentions and good faith. Further, we see no grounds on which to disturb Civil Court's finding of fact on the issue of good faith, which was based largely on considerations relating to the credibility of the testifying witness (*see Powers v Babic*, 177 AD2d 432 [1991]). The principle that, in the context of a nonjury trial, the trial court's credibility-based findings of fact should be affirmed unless incompatible with any fair interpretation of the evidence (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]) applies as much to Civil Court as to Supreme Court (*see 300 E. 34th St. Co. v Habeeb*, 248 AD2d 50, 54 [1997] [Tom, J.]; *Powers v Babic, supra*; *Claridge Gardens v Menotti*, 160 AD2d 544, 544-545 [1990]). Although this Court enjoys broad powers to review the facts, "due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses" (*300 E. 34th St. Co. v Habeeb*, 248 AD2d at 54-55 [internal quotation marks and citation omitted]).

We have considered respondent's remaining arguments and find them unavailing. Concur—Friedman, Williams and Sweeny, JJ.

Tom, J.P., and Andrias, J., dissent in a memorandum by Andrias, J., as follows: Because petitioners have failed to make out all the elements of their prima facie case seeking eviction of respondent from her rent stabilized one-room apartment pursuant to Rent Stabilization Code (9 NYCRR) § 2524.4 (a) (1), I dis-

sent and would reverse the Appellate Term's order and dismiss the petition.

An owner seeking to recover possession of a rent stabilized housing accommodation pursuant to section 2524.4 (a) (1) must prove that it is for "such owner's personal use and occupancy as his or her primary residence in the City of New York and/or for the use and occupancy of a member of his or her immediate family as his or her primary residence in the City of New York."

In their August 13, 2002 termination notice, petitioners sought possession of respondent's one-room apartment on the fifth floor of their five-story walk-up on Edgecomb Avenue for the use of their 24-year-old daughter because she had "outgrown her current living accommodations" and "require[d] her own living space within the family residence." Petitioners also intended to have Mrs. Horsford's "brothers and sisters abroad to live at her family residence for an extended period of time and there is insufficient room" at the family's first- and second-floor duplex apartment in its present layout.

At the trial of their holdover proceeding, petitioners' sole witness, Mrs. Horsford, testified that her daughter had been a student at Salisbury State College in Maryland for the past four or five years, had an apartment and a job there and continued to take classes as a part-time student. She also testified that her daughter came home "as often as she could. Sometimes weekends and all the breaks of college—spring, summer, all the breaks—holidays," and had a New York State driver's license. Her bedroom in the family residence contained a single bed and her personal belongings. When her brother and sister-in-law in St. Kitts, whom she sponsored for permanent residence status, immigrated to this country, Mrs. Horsford wanted them to live with her in her daughter's room, leaving no place for her daughter to live.

In granting the petition, the Civil Court found "that Petitioner[s] had presented clear and convincing testimony that they have an honest and good faith intention to have their daughter Claudia occupy the Premises." The Appellate Term affirmed, finding the Civil Court's fact-based credibility determination on the issue of good faith to be a fair interpretation of the evidence.

Missing, however, from the notice of termination and Mrs. Horsford's testimony at trial is any claim, let alone evidence, that her daughter would occupy respondent's apartment as her primary residence. Absent any testimony of the daughter, subject to cross-examination, that she would occupy respondent's apartment as her primary residence, any such finding

would be mere speculation (*see Harrilal v Bennett*, 1 Misc 3d 905[A], 2003 NY Slip Op 51515[U] [Civ Ct, Kings County 2003]).

The majority faults respondent for not raising the issue before; however, this Court has held that where, as here, a party does not raise new facts, but rather raises a legal argument which appeared on the face of the record and which could not have been avoided if brought to the opposing party's attention at the proper juncture, raising such an issue for the first time on appeal does not prejudice the opposing party's legal position in any respect (*Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]). Petitioner's failure to plead and prove a prima facie case is such an issue. Accordingly, "[s]ince the record on appeal is sufficient for its resolution and the issue is determinative, it should be reviewed" (*id.*). [*See* 5 misc 3d 132(A), 2004 NY Slip Op 51399(U) (2004).]