Sudhakar Rayapudi, Petitioner-Landlord-Respondent,
against
Mark Littschwager, Respondent-Tenant-Appellant, -and- "John Doe" and "Jane Doe," Respondents-Undertenants.



Tenant appeals from an order of the Civil Court of the City of New York, New York County (John H. Stanley, J.), dated October 3, 2017, which denied his motion for summary judgment in an owner use holdover summary proceeding.




Per Curiam.
Order (John H. Stanley, J.), dated October 3, 2017, affirmed, with $10 costs.
We agree with Civil Court that the record, including the deposition testimony of landlord and his son, raises an issue of fact, turning largely on credibility, as to whether landlord had a good faith intention to recover possession of the subject rent stabilized apartment for the use of his son and daughter-in-law (see Pultz v Economakis, 10 NY3d 542, 548 [2008]). While tenant significantly challenges landlord's good faith, this issue, which "rest[s] in large measure on considerations relating to the credibility of witnesses" (Powers v Babic, 177 AD2d 432 [1991]),is not appropriately resolved on a motion for summary judgment (see Prochner v Pancerz, 12 Misc 3d 139[A], 2006 NY Slip Op 51330[U][App Term, 2nd and 11th Jud Dists 2006]; Chan v Adossa, 195 Misc 2d 590, 595 [App Term, 2nd and 11th Jud Dists 2003]; see also BMX Worldwide v Coppola N.Y.C., 287 AD2d 383, 384 [2001]). Such a determination should be made by the trial court, which has "direct access to the parties" (Elias v Handler, 244 AD2d 522 [1997], quoting Yasparro v Yasparro, 207 AD2d 445, 446 [1994]) and can observe their demeanor and hear their testimony (see Powers v Babic, 177 AD2d at 432). 
Nor is a finding of lack of good faith mandated, as a matter of law, by the variance between landlord's proof and the allegations set forth in the predicate notice (see Horsford v Bacott, 5 Misc 3d 132[A], 2004 NY Slip Op 51399[U] [App Term, 1st Dept 2004], affd 32 AD3d 310 [2006], affd 8 NY3d 874 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 24, 2018