*904 OPINION OF THE COURT
Memorandum.
The judgment appealed from and order brought up for review should be reversed, with costs, and the plaintiff’s motion for summary judgment denied.
The parties executed a promissory note and stock purchase agreement under which plaintiff’s decedent sold defendants certain shares of stock in return for a $365,000 interest-bearing promissory note. On defendant’s default, plaintiff moved for summary judgment to enforce the written contract. Special Term denied the motion because questions of fact existed as to the failure of consideration. The Appellate Division reversed, finding defendants’ allegations in response to the motion conclusory and unsupported by factual substance or documentary evidence. We disagree. In opposing the summary judgment motion, defendant John Esposito provided a detailed recitation of the negotiations among the parties and the closing of the contract. This recitation, based on defendant’s firsthand knowledge, directly supported his allegation that plaintiff’s decedent did not own the subject stock, that the sale had never in fact occurred, and that the obligation to pay therefore lacked consideration, and he offered an explanation for the absence of documentary evidence. These allegations cannot be dismissed as conclusory or speculative (compare Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment appealed from and order of the Appellate Division brought up for review reversed, with costs, and plaintiff’s motion for summary judgment denied in a memorandum.