■ RICHARD BRODSKY, Appellant, v LEWIS J. STADLEN et al., Respondents.—In an action to recover damages for breach of a partnership agreement and an accounting, specific performance of that agreement, and a quantum meruit award for services rendered, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Walsh, J.), entered April 23, 1986, as dismissed portions of the plaintiff's complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In 1979 the parties were involved in the production of the show "Lewis J. Stadlen as Groucho!" The defendants were the coauthors of the play. The defendant Stadlen was its producer and star, and the defendant Flinn was its director and choreographer. The plaintiff, an attorney who teaches entertainment law, performed legal work, conducted negotiations and acted as general manager for the production. The plaintiff claims that the production company which produced the play was a partnership between the three men. The defendants deny this allegation.

There is no written partnership agreement as such between the parties. Therefore, we must determine whether a partnership in fact existed from the conduct, intention, and relationship between the parties. The Supreme Court found that there was not a partnership, but rather an employer-employee relationship between the defendant Stadlen and the plaintiff. We agree.

No one characteristic of a business relationship is determinative in finding the existence of a partnership in fact *(see,* Partnership Law § 11; Reuschlein & Gregory, Agency and Partnership § 262). Case law reveals a series of factors to be considered in determining whether or not there is a partnership: (1) sharing of profits, (2) sharing of losses, (3) ownership of partnership assets, (4) joint management and control, (5) joint liability to creditors, (6) intention of the parties, (7) compensation, (8) contribution of capital, and (9) loans to the organization *(see generally,* 43 NY Jur, Partnership, §§ 30-40).

The credible evidence in this case shows that the plaintiff was an employee who was entitled to 2% of gross profits as well as a fixed salary every week the show was performed during his employment. He performed legal services, ran the office, and acted as general manager. There is no indication he was liable for the losses of the enterprise. He did, however, advance money which was repaid by the defendant Stadlen. It has been noted that such loans of cash by one person to another for the purposes of business during the existence of the claimed relationship usually negates the notion of partnership *(Smith v Maine,* 145 Misc 521). So too, the failure of a party to contribute capital is strongly indicative that no partnership exists *(Smith v Maine, supra).*

The plaintiff relies heavily on certain documents which refer to the production company, known as Diana Enterprises, as a partnership. It should be noted that calling an organization a partnership does not make it one. Indeed, the defendants indicated no intention to enter into a partnership arrangement with its concomitant joint management and control with the plaintiff. In fact the defendant Flinn made no management decisions and little or no contribution beyond directing the play prior to its first performance. We do not find that these documents establish a partnership.

As to plaintiff's claim that he is entitled to the quantum meruit value of his services as general manager and attorney, we disagree. The plaintiff agreed to perform legal services for out-of-pocket expenses. He in fact did so. Since the plaintiff

and the defendant Stadlen agreed to this arrangement and it has been complied with, the plaintiff is not entitled to further compensation for legal services. As the play's general manager, we find that the plaintiff was an at-will employee and is not entitled to payments after his employment was terminated *(see, Mackie v La Salle Indus.,* 92 AD2d 821, *appeal dismissed in part* 59 NY2d 750). Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.