■ PETER O. KYLE et al., Respondents, v L. BRENTON FORD et al., Appellants.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this action for dissolution of a partnership and an accounting, both parties sought, inter alia, summary judgment on the question whether a business partnership existed. Supreme Court erred in determining, as a matter of law, that a partnership existed. In deciding whether

a partnership exists, "the factors to be considered are the intent of the parties (express or implied), whether there was joint control and management of the business, whether there was a sharing of the profits as well as a sharing of the losses, and whether there was a combination of property, skill or knowledge" *(Ramirez v Goldberg,* 82 AD2d 850, 852; *see also, Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317, *appeal dismissed* 358 US 39; *Boyarsky v Froccaro,* 131 AD2d 710, 712). No one factor is determinative; it is necessary to examine the parties' relationship as a whole *(Martin v Peyton,* 246 NY 213, 218; *Brodsky v Stadlen,* 138 AD2d 662, 663). The fact that the parties held themselves out as partners is not decisive; "calling an organization a partnership does not make it one" *(Brodsky v Stadlen,* 138 AD2d 662, 663, *supra; see also, Ramirez v Goldberg,* 82 AD2d 850, *supra).*

Undisputed evidence that Kyle had sole authority to write checks on the business account, along with conflicting evidence regarding control over the daily operations on the farm, raise questions whether there was indeed a partnership relation *(see, Ramirez v Goldberg, supra).* Further, the undisputed evidence that defendants never made a capital contribution to the business strongly suggests that no partnership existed *(see, Brodsky v Stadlen,* 138 AD2d 662, 663, *supra; Azoulay v Cassin,* 128 AD2d 660; *M.I.F. Sec. Co. v Stamm & Co.,* 94 AD2d 211, 214, *affd* 60 NY2d 936).

Those portions of the order granting partial summary judgment to plaintiffs declaring that a partnership existed and ordering an accounting are reversed. Those parts of the order denying defendants' cross motion for summary judgment and permitting further discovery are affirmed. (Appeal from Order of Supreme Court, Cayuga County, Corning, J.—Summary Judgment.) Present—Green, J. P., Pine, Boehm, Fallon and Davis, JJ.