■ SAGUS MARINE CORPORATION, Respondent, v DONALD G. RYNNE & CO., INC., et al., Appellants. [616 NYS2d 496] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 8, 1993, which denied defendants-appellants' motion for summary judgment and granted summary judgment to plaintiff as to its right to an accounting and directed defendants to hold, in escrow, judgment proceeds secured in a separate action pending the accounting, unanimously modified, on the law, without costs, to the extent that plaintiff is denied summary judgment, and defendants are directed to hold one-third of the gross sum of the judgment proceeds in escrow.

In or about 1977, plaintiff Sagus Marine Corporation ("Sagus") entered into a joint venture agreement (the "Agreement") with defendants Donald G. Rynne & Co., Inc. ("Rynne & Co.") and Poten & Partners, Inc. ("Poten") pursuant to which they were to act as brokers and arrange for the shipment of concrete modules to the Middle East. The modules, which were designed for quick assembly into apartment buildings, were to be transported by Gearbulk Limited ("Gearbulk"), a Norwegian maritime shipping firm. The parties agreed to share the commissions earned from Gearbulk on an equal one-third basis.

In 1981, Gearbulk informed the joint venture that it would no longer pay commissions, which act defendants now claim terminated the Agreement. Defendants subsequently informed Sagus that they intended to sue Gearbulk for the commissions owed. Sagus, however, refused to participate in the action commenced by Rynne & Co. and Poten in August 1984.

Approximately 6 years later, defendants won a $4,000,000 judgment against Gearbulk, which was specifically awarded to Rynne & Co. and Poten as representatives of the joint venture. The judgment represented commissions earned by the

joint venture prior to 1981. After a Special Referee found that Sagus could not maintain its own action against Gearbulk, the award was released into a joint venture account maintained by defendants in Chase Manhattan Bank, N. A. In November 1991, Sagus commenced the underlying action for an accounting to determine the rights of the joint venturers with regard to the judgment.

Defendants subsequently moved for summary judgment asserting that the underlying action is barred by the six-year statute of limitations for an accounting because the joint venture either dissolved in 1981, when Gearbulk announced it would no longer pay commissions, or 1984, when Sagus refused to participate in the Gearbulk litigation. The IAS Court denied defendants' motion for summary judgment, granted summary judgment to plaintiff, directed an accounting and ordered all of the judgment proceeds to be held, by defendants, in the joint venture account.

The legal consequences of a joint venture are equivalent to those of a partnership (Gramercy Equities Corp. v Dumont, 72 NY2d 560, 565; Pedersen v Manitowoc Co., 25 NY2d 412, 419) and an action for an accounting must be commenced within six years of the dissolution of the partnership (CPLR 213 [1]; Partnership Law § 74; Schwartz v Lois Assocs., 149 AD2d 307, 309).

In the instant action, an issue of fact exists as to when the actual dissolution of the joint venture took place. Defendants assert that the foregoing occurred in either 1981, when Gearbulk informed the joint venture that it would no longer pay its brokerage commissions and the joint venture's purpose came to an end, or 1984, when Sagus refused to participate in the lawsuit against Gearbulk and thereby allegedly repudiated or abandoned the joint venture. However, evidence including correspondence forwarded to Sagus by the defendants keeping it apprised of the Gearbulk action, together with the complaint in that action which indicates that it was brought on behalf of the joint venture to recover commissions earned by the joint venture, leads to the conclusion that a question of fact exists as to whether the joint venture ever actually dissolved before the $4,000,000 recovery. As a result, plaintiff should not have been granted summary judgment.

The IAS Court also erred in directing defendants to maintain the entire award from the Gearbulk suit in the joint venture account. It is only Sagus' entitlement to one-third of that amount, minus costs of the litigation in the Gearbulk

action, that is in dispute, the amount of setoff to be determined by the accounting. Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.