■ JOSEPHINE ROBINSON et al., Plaintiffs, v JEWISH HOSPITAL AND MEDICAL CENTER OF BROOKLYN et al., Defendants. JEWISH HOSPITAL AND MEDICAL CENTER OF BROOKLYN et al., Third-Party Plaintiffs-Respondents, v ANESTHESIOLOGY SERVICE et al., Third-Party Defendants-Respondents. JEWISH HOSPITAL AND MEDICAL CENTER et al., Third-Party Plaintiffs-Respondents, v ADEL AZIZ, Third-Party Defendant-Appellant. [633 NYS2d 792] —In an action to recover damages for medical malpractice, etc., the second third-party defendant Adel Aziz appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Clemente, J.), dated April 25, 1994, entered upon an amended order of the same court, dated March 22, 1994, granting the motion of the defendants first and second third-party plaintiffs Jewish Hospital and Medical Center of Brooklyn and Sunetha Reddy for summary judgment on their second third-party complaint, as is in favor of them and against him in the principal sum of $350,000. Adel Aziz's notice of appeal from the amended order dated March 22, 1994, is deemed a premature notice of appeal from the judgment (see, CPLR 5520 [c]).

Ordered that the judgment is reversed insofar as appealed from, the amended order is vacated, and the motion of the second third-party plaintiffs Jewish Hospital and Medical Center of Brooklyn and Sunetha Reddy for summary judgment is denied, with costs.

The issues presented on this appeal are, *inter alia*, whether Obstetrical Anesthesia Service (hereinafter OAS) was a partnership and whether the appellant, Adel Aziz, was a partner in OAS. "When determining whether a partnership (or a joint venture) exists, 'the factors to be considered are the intent of the parties (express or implied), whether there was joint control and management of the business, whether there was a sharing of the profits as well as a sharing of the losses, and whether there was a combination of property, skill, or knowledge' " *(Boyarsky v Froccaro,* 131 AD2d 710, 712; *see also, Kyle v Ford,* 184 AD2d 1036). In this case, there are questions of fact, *inter alia*, concerning whether OAS is actually a partnership and whether Adel Aziz intended to be a partner in OAS. Accordingly, the motion for summary judgment should have been denied.

We have reviewed the parties' remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Sullivan and Rosenblatt, JJ., concur. *[See,* 136 Misc 2d 880.]