■ A.G. INTERIORS UNLIMITED, INC., Appellant, v SALVATORE DiMAGGIO et al., Respondents, et al., Defendants. [637 NYS2d 787] —In an action, *inter alia,* to foreclose a mechanics' lien, the plaintiff appeals from an order of the Supreme Court, Nassau County (Becker, J.), entered December 2, 1994, which, *inter alia,* granted the motion of the defendants Salvatore and Francesca DiMaggio for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed, with costs, and the motion of the defendants Salvatore and Francesca DiMaggio for summary judgment is denied.

In the early part of 1989 the plaintiff, A.G. Interiors Unlimited, Inc., was involved with the defendant J.D. Evans & Associates, Inc. (hereinafter J.D. Evans), in the construction of a home for the defendants Salvatore and Francesca DiMaggio (hereinafter the homeowners) in Oyster Bay Cove, New York. No written agreement was executed either between the homeowners and the contractors or between the contractors themselves. The plaintiff withdrew from the project prior to completion and thereafter filed a mechanics' lien on the property. In November of 1989 the plaintiff brought this action seeking, *inter alia,* to foreclose upon its lien against the homeowners. Upon the homeowners' motion for summary judgment, the Supreme Court dismissed the complaint insofar as asserted against the homeowners concluding that the plaintiff and J.D. Evans were partners in fact and that the homeowners had paid to J.D. Evans amounts far in excess of the amount of the plaintiff's claim.

Although the record reveals that the plaintiff and J.D. Evans may have entered into a partnership, there is also evidence that the two entities were not partners as that term is defined under the Partnership Law. For example, there is no evidence that the two agreed to share losses, and there is evidence that J.D. Evans exercised a greater degree of management and control over the project and that only J.D. Evans capitalized the initial stages of construction. In addition, the fact that the plaintiff submitted invoices to J.D. Evans for payment rather than seeking payment from the homeowners suggests that the plaintiff was more of a subcontractor than a partner. In view of these circumstances, there remain issues of fact as to whether a partnership existed. Since this issue "must be determined by disputed evidence or inference * * * a question of fact is presented which warrants the denial of summary judgment" *(Boyarsky v Froccaro,* 131 AD2d 710, 713; *see also, Brodsky v Stadlen,* 138 AD2d 662).

Even assuming, arguendo, that a partnership did exist, the record does not establish that the plaintiff was paid for its services. While the record reveals that the homeowners dispersed over $900,000 to J.D. Evans, it is undisputed that the agreed upon price for the house was approximately $1,500,000 and that the project proceeded to "near completion". Thus, there is approximately $500,000 still due from the homeowners for the cost of construction, which is more than enough to encompass the plaintiff's lien of $73,769.

Contrary to the plaintiff's contention, its complaint does not plead a cause of action in quantum meruit. Santucci, J. P., Krausman, Goldstein and Florio, JJ., concur.