■ JENNIFER CLELAND, Appellant, v CHRISTIAN THIRION, Respondent, et al., Defendant. [704 NYS2d 316] —Mercure, J. P. Appeal from an order of the Supreme Court (Ellison, J.), entered September 25, 1998 in Chemung County, which, *inter alia*, granted defendant Christian Thirion's motion for summary judgment dismissing the amended complaint against him.

Plaintiff and defendant Christian Thirion (hereinafter defendant) were lovers for slightly less than three years, beginning in mid-1993. During that period, they resided together in plaintiff's residence. When the relationship commenced, defendant was already established as an artisan glassblower, doing business under the trade name of Glassart, and had recently purchased a building which he intended to convert into a studio and personal living quarters. It is undisputed that during the parties'* relationship, plaintiff accompanied defendant to craft shows, assisted with various tasks, installed a computer system in the studio and paid various expenses of the business.

In August 1994, plaintiff drafted and the parties executed a one-page document (hereinafter the agreement) which, by its terms, was intended to establish the parties' "financial and personal relationship * * * for the purpose of reducing [plaintiff's] personal financial liability for debts incrued [*sic*] in her name in the course of the construction of [the studio]". The agreement identified three revolving credit accounts that had been established in plaintiff's name, which "have been and will continue to be used exclusively for expenses related to the construction and establishment of [the studio], and for operating expenses associated with the Glassart business", and provided that "[i]n the event of [defendant's] death or disability * * * the assets of the Glassart business * * * should be used to pay the debts which exist in these accounts, as well as to

---

* References to the parties shall be to plaintiff and defendant.

pay [a $6,000 loan to defendant from plaintiff's parents]". Finally, and of primary interest here, the agreement provided: "This document is also to acknowledge that [defendant is] separated from his wife * * * and that he and [plaintiff] have been living as domestic partners since August of 1993. [Defendant and plaintiff] *have also agreed to become partners in the Glassart company business*" (emphasis supplied).

Plaintiff commenced this action in May 1997, seeking a declaration that the agreement "constitutes a partnership agreement for ownership and operation of [the Glassart business]" (second cause of action), damages for breach of the agreement (first cause of action), an accounting of the profits, losses and assets of Glassart from April 1, 1993 (third cause of action), and imposition of a constructive trust upon the assets of Glassart and its real property and payment to plaintiff of not less than $60,000 therefrom (fourth cause of action).

Following joinder of issue, defendant moved for summary judgment dismissing the complaint against him. Plaintiff cross-moved pursuant to CPLR 3124 and 3126 for an order compelling defendant to fully respond to her discovery demands and to impose sanctions for his failure to do so and, further, to amend the complaint so as to add an additional cause of action alleging the existence of an oral partnership agreement. Supreme Court found that the parties never entered into a partnership, that to the extent that the agreement might be viewed as contemplating the parties' future partnership it was unenforceable due to the absence of any material terms, and that plaintiff failed to demonstrate several essential elements of an action to enforce a constructive trust, i.e., an enforceable promise, a transfer of property or unjust enrichment. Supreme Court accordingly granted the motion. Finding that plaintiff was guilty of unexplained delay in seeking to amend the complaint, Supreme Court also denied the cross motion. Plaintiff appeals.

We affirm. First, we agree with Supreme Court's conclusion that no partnership existed as a matter of law. "Among the factors to be considered in determining whether a partnership was created are ' "the intent of the parties (express or implied), whether there was joint control and management of the business, whether there was a sharing of the profits as well as a sharing of the losses, and whether there was a combination of property, skill or knowledge" ' " (*Kellogg v Kellogg*, 185 AD2d 426, 427, quoting *Boyarsky v Froccaro*, 131 AD2d 710, 712, quoting *Ramirez v Goldberg*, 82 AD2d 850, 852). In our view, the evidence adduced on the summary judgment motion fails

to raise a genuine question of fact concerning the existence of any of those factors.

The record establishes that the studio property was owned solely by defendant and that plaintiff made no contribution to its purchase and neither made nor assumed responsibility for the mortgage payments thereon. Further, it is undisputed that plaintiff's name was never placed on a certificate of doing business as partners (*see,* General Business Law § 130 [1] [a]; 15A NY Jur 2d, Business Relationships, § 1422, at 371), no partnership tax returns were ever filed and there never was any sharing of profits or losses. Although there is no question that plaintiff made some financial contributions to defendant's business, both the agreement and plaintiff herself would characterize those contributions as loans, the very antithesis of a partnership relationship (*see,* 15A NY Jur 2d, Business Relationships, § 1428, at 377-378). Similarly, although plaintiff apparently performed some services for the business, by seeking compensation in the form of wages she would portray herself as a mere employee (*see,* 15A NY Jur 2d, Business Relationships, § 1426, at 376). In sum, our review of the record reveals not a scintilla of evidence supporting plaintiff's claim of the existence of a partnership.

Next, we agree with Supreme Court that the agreement neither created a partnership nor constitutes a binding agreement to form a partnership at some future time. Although arguably expressing an intention to form a partnership in the future, in the absence of any material terms expressing the full understanding and obligations of the parties, the agreement provides no basis for establishing a partnership (*see,* 15A NY Jur 2d, Business Relationships, § 1419, at 369; *see also, Martin v Peyton,* 246 NY 213; *Spectrum Research Corp. v Interscience, Inc.,* 242 AD2d 810, 811).

Finally, Supreme Court did not err in its conclusion that the evidence adduced on the summary judgment motion failed to raise a genuine factual issue on the cause of action to impose a constructive trust. The elements of a constructive trust are "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment" (*Sharp v Kosmalski,* 40 NY2d 119, 121). Although plaintiff appears to have contributed money and services to defendant's business, the record does not support her contention that these contributions were made in reliance upon any promise by defendant or that defendant has been unjustly enriched as a result. To the extent that plaintiff was able to establish unpaid loans to the business or services for which she was never compensated, she was entitled to pursue an action in contract or quantum meruit.

Plaintiff's remaining contentions have been considered and found to be also unavailing.

Peters, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.