■ F&K Supply, Inc., Doing Business as Fowler & Keith Supply Company, et al., Appellants, v Willowbrook Development Company et al., Respondents. [759 NYS2d 194] —Lahtinen, J. Appeals (1) from a judgment of the Supreme Court (Kavanagh, J.), entered April 3, 2001 in Ulster County, upon a decision of the court in favor of defendants, and (2) from an order of said court, entered July 6, 2001 in Ulster County which, inter alia, denied plaintiffs' motion for reconsideration.

Plaintiff Steven Aaron (hereinafter plaintiff) and his mother,

defendant Lillian Aaron (hereinafter defendant), have been involved in ongoing litigation in multiple lawsuits dating from the late 1980s. While several parties are named in numerous lawsuits, plaintiff and defendant are the key parties whose interests are in dispute. At the time of trial, six of 15 actions were still pending and the actions were consolidated by consent into a single action.

The background to these contentious cases begins with Martin Aaron (hereinafter Aaron), father of plaintiff and spouse of defendant, who accumulated considerable wealth through various business ventures and ostensibly frequently carried out business based on, at most, an oral agreement. One such project involved developing, in the early 1980s, an office complex in the City of Kingston, Ulster County. The complex was developed and owned by defendant Willowbrook Development Company (hereinafter Willowbrook). Aaron was an owner of Willowbrook and, initially, another individual, Anthony Costanzi, was involved in the business. Costanzi, however, received a buyout and left the venture in 1983. Plaintiff contends that his father orally made him a partner in Willowbrook from its inception.

Willowbrook received construction materials from plaintiff F&K Supply, Inc., a hardware and construction supply business that had been owned for many years by Aaron. Plaintiff worked at F&K. In the mid-1980s, Aaron, as his health was failing, transferred ownership of F&K to plaintiff in exchange for a promissory note of $853,000. Shortly thereafter, in June 1985, Aaron died and his will contained a provision forgiving the entire promissory note. Defendant testified that, following her husband's death, she became the sole owner of Willowbrook. She further stated that, although she was not certain of the time frame, ownership of Willowbrook was eventually transferred to Willow Park, Inc., a corporation that had been formed in April 1985.

Plaintiff continued to be involved in the operations of Willowbrook after Aaron's death until his relationship with defendant deteriorated in 1986 and 1987. Defendant then excluded him from any role in Willowbrook and also disinherited him. In 1989, plaintiff commenced an action alleging that he had been a partner in Willowbrook from its inception until at least 1989 and he demanded an accounting. He further contended that F&K had provided Willowbrook and Willow Park with over one million dollars of materials for which payment had not been received. Plaintiff also sought, among other things, legal remedies against defendant for allegedly reneging on an

agreement to permit him to purchase an interest in a real estate partnership known as Aaron and Kent (hereinafter A&K).

Following a lengthy nonjury trial, Supreme Court issued a detailed decision in which it dismissed most of plaintiffs' claims.[1] The court found that plaintiff failed to establish that he ever had a partnership interest in Willowbrook. Regarding the claim for materials allegedly provided by F&K to Willowbrook and Willow Park, the court held that numerous problems precluded recovery, including inadequate records, lack of credible evidence, inconsistent information in tax returns regarding the debts, the statute of frauds and the statute of limitations. The claim for a share of A&K was dismissed because of a lack of credible evidence that plaintiff ever tendered payment to his mother for a share of the entity. Supreme Court denied plaintiffs' motion for reconsideration. Plaintiffs appeal.

When reviewing an appeal following a nonjury trial, this Court has broad authority to "independently consider the probative weight of the evidence and the inferences to be drawn therefrom" (*Jump v Jump*, 268 AD2d 709, 710 [2000]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Burton v State of New York*, 283 AD2d 875, 877 [2001]). Since the trial court has the advantage of observing the witnesses testify, its assessment of issues pertaining to credibility is afforded due deference (*see Philadelphia Corp. v Niagara Mohawk Power Corp.*, 282 AD2d 913, 915-916 [2001]; *Brooker v State of New York*, 206 AD2d 712, 712 [1994]). Upon reviewing the record, we are unpersuaded that Supreme Court's decision should be disturbed.

Plaintiffs argue that plaintiff was a partner in Willowbrook and, thus, he is entitled to an accounting. A party claiming the existence of an oral partnership bears the burden of proving the indicia of such a relationship (*see Cleland v Thirion*, 268 AD2d 842, 843-844 [2000]; *Central Natl. Bank, Canajoharie v Purdy*, 249 AD2d 825 [1998]; *Kahn v Kahn*, 3 AD2d 820, 820 [1957]). The record supports Supreme Court's conclusion that Aaron made all critical decisions and directed the construction of the Willowbrook project. Some of Aaron's other businesses reported partnership income for tax purposes, but Willowbrook never reported income as a partnership. Indeed, Aaron reported income from Willowbrook on his personal income tax return. Moreover, Aaron filed a business certificate indicating that

---

1. Defendants did not appeal and, thus, the causes of action upon which plaintiffs prevailed are not before us.

Willowbrook was a sole proprietorship. He, alone, was the title owner of the real property where the project was developed. While plaintiff devoted time to working on the Willowbrook project, he did not make any capital contributions and there is no indication that he ever shared profits or agreed to share any losses (*see Matter of Steinbeck v Gerosa*, 4 NY2d 302, 317-318 [1958], *appeal dismissed* 358 US 39 [1958]). Although there was evidence supporting the existence of an oral partnership as alleged by plaintiff and, as noted by Supreme Court, "Aaron said different things to different people regarding [plaintiff's] status," we are not persuaded that such evidence is sufficient to require reversal.

Next, we agree with Supreme Court that plaintiffs failed to prove that Willowbrook owed F&K over one million dollars for materials. Significant in such regard, Supreme Court refused to admit into evidence approximately 2,000 purported invoices from F&K. The evidence reflected that the invoices had been altered, prices on some were clearly inaccurate and grossly inflated, and F&K's controller, Stephen Fell, acknowledged that the invoices had been found scattered in a disorganized fashion throughout many floors at various F&K buildings and were in a "state of disarray." Fell's testimony failed to lay a foundation for the admission of the invoices since he had no first-hand knowledge as to how they had been prepared, stored, altered or delivered. He did not know how many were outstanding at the time of Aaron's death. Fell further acknowledged that F&K had no general ledger indicating accounts receivable from Willowbrook. Contemporaneous tax returns filed by F&K did not include accounts receivable from Willowbrook.[2] During much of the time that the office project was being constructed, Aaron owned both F&K and Willowbrook and it is apparent he made little effort to properly document materials provided by F&K to Willowbrook. Indeed, there was evidence presented reflecting that, when Aaron was the owner of both entities, he chose to cancel any obligations owed by Willowbrook to F&K.

Moreover, even if the evidence was sufficient to find the existence of an enforceable contract, the vast majority of the amounts claimed by F&K relate to materials provided more than four years before commencement of the action and, thus, recovery is foreclosed by the applicable statute of limitations (*see* UCC 2-725 [1]; *Herba v Chichester*, 301 AD2d 822, 822-823 [2003]; *Sawyer v Camp Dudley*, 102 AD2d 914 [1984]). While the lack of competent proof makes it difficult to discern when

2. Amended tax returns adding the accounts receivables were filed near the time litigation commenced between the parties.

materials were delivered by F&K to Willowbrook, the parties stipulated at trial that most of the deliveries occurred before August 24, 1985 and plaintiffs' action was not commenced until August 24, 1989. Plaintiffs' reliance on General Obligations Law § 17-101 in an effort to avoid the statute of limitations problem is unavailing, since the evidence failed to establish a clear recognition by Willowbrook of the purported pre-August 1985 debt and a concomitant intent to pay that debt (see *New York State Higher Educ. Servs. Corp. v Muson*, 117 AD2d 947, 947-948 [1986]; *Estate of Vengroski v Garden Inn*, 114 AD2d 927, 928 [1985]; see also *Skiadas v Terovolas*, 271 AD2d 521 [2000]).

Plaintiffs' effort to recover through quantum meruit was properly denied. Among the problems with such cause of action, plaintiffs failed to establish the value of the goods purportedly provided to Willowbrook. Moreover, we find no reason in this record to disturb Supreme Court's findings that, at the time of most of the relevant dealings between F&K and Willowbrook, Aaron owned both entities and did not have "any realistic expectation that full payment would be made."

Finally, we turn to plaintiffs' contention that plaintiff helped defendant resolve a dispute with Fred Kent regarding the real estate partnership A&K and that defendant promised to permit him to purchase Kent's share of the partnership for $150,000. Defendant, while acknowledging that plaintiff helped her shortly after Aaron's death in dealing with Kent, nevertheless denied that she agreed to sell Kent's former interest to plaintiff. Supreme Court did not resolve the factual dispute between the parties since it found that, even if such an agreement existed, plaintiff failed to satisfy his burden of showing that he ever adequately tendered $150,000 to defendant (see *Sherba v Midstate Precast Sys.*, 230 AD2d 944, 946 [1996]; *Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021, 1021-1022 [1991], *lv dismissed* 79 NY2d 1040 [1992]). Such determination is supported by the record. Plaintiffs' remaining arguments have been considered and we find no persuasive reasons in this record to disturb the credibility, factual or legal determinations of Supreme Court.

Cardona, P.J., Mercure and Kane, JJ., concur. Ordered that the judgment and order are affirmed, with costs.