■ Alan E. Sterling, Respondent, v William T. Sterling, Appellant, et al., Defendant. [800 NYS2d 463]—

Peters, J. Appeals (1) from an order of the Supreme Court (O'Brien, III, J.), entered November 10, 2003 in Madison County, upon a decision of the court in favor of plaintiff, and (2) from an order of said court, entered January 26, 2004 in Madison County, which denied all pending motions.

In 1964, after the patriarch of the family died, plaintiff, defendant William T. Sterling (hereinafter defendant) and Rhys Sterling, all brothers, each received two ninths of the family's dairy farm while their mother, Elizabeth Sterling, received the remaining three ninths of the farm. At that time, plaintiff was a

full-time college student who ultimately reduced his course load to work full time on the farm with defendant. In 1970, plaintiff, Rhys Sterling and Elizabeth Sterling transferred their interest in the farm to defendant who thereafter conveyed 33 acres back to plaintiff to "cement" the partnership. At about that time, plaintiff married and moved to a home on property he had purchased in 1967 (hereinafter the Route 31 property), but continued to work on the farm every day until 1973 when defendant sold it. To accomplish that sale, plaintiff agreed to deed his 33 acres back to defendant. Contemporaneous with that sale, defendant and his wife purchased another dairy farm on Cottons Road. Plaintiff sold the Route 31 property and both plaintiff and defendant moved into separate homes on the Cottons Road farm to continue their daily farming operation. Despite their initial financial arrangement whereby plaintiff received 25% of the milk proceeds, the expense of the new farm required plaintiff's pay to be reduced.

In 1976, continuing with their daily farming operations, defendant conveyed the house that plaintiff and his wife were living in, along with property, to plaintiff. At some point in the late 1970s, defendant also obtained and paid for a $200,000 life insurance policy, still in effect, naming plaintiff as its owner and beneficiary. Its purpose was to enable plaintiff to purchase the farm from defendant's wife and continue its operation if defendant died. Despite the outward appearance of the farming operation, each filed income tax returns as self-employed dairy farmers and, despite plaintiff's understanding regarding their partnership arrangement, no such agreement was ever memorialized in writing.

Beginning in 1985, defendant paid plaintiff periodic "bonuses" out of cattle and hay sales. In the early 1990s, after their mother died, the relationship between plaintiff and defendant soured. In 1996, plaintiff commenced this action seeking, among other things, a dissolution and accounting of the partnership. In April 1999, defendant sold the herd of dairy cows without plaintiff's consent. After a nonjury trial, Supreme Court found that the parties had operated the farm as a partnership and that plaintiff was entitled to a 22% share. It further ordered defendant to file an accounting as of April 1999, the date it determined to be the dissolution of the partnership. Defendant appeals not only from this order, but also from a subsequent order in which all pending motions were denied.

We affirm. "[T]his Court has broad authority [after a nonjury trial] to 'independently consider the probative weight of the evidence and the inferences to be drawn therefrom' " (*F&K Sup-*

*ply v Willowbrook Dev. Co.*, 304 AD2d 918, 920 [2003], *lv denied* 1 NY3d 502 [2003], quoting *Jump v Jump*, 268 AD2d 709, 710 [2000]), but we are mindful of Supreme Court's advantage in observing the witnesses' demeanor and, therefore, we will give deference to its credibility determinations (*see Matter of Sawhorse Lbr. & More v Amell*, 2 AD3d 1082, 1083 [2003]; *F&K Supply v Willowbrook Dev. Co., supra* at 920). In determining the issue of partnership, Supreme Court properly considered the overall relationship of the parties (*see Kyle v Brenton*, 184 AD2d 1036, 1037 [1992]) in terms of their express or implied intent to exercise joint control and management of the business and to share its profits and losses. Supreme Court further reviewed "whether there was a combination of property, skill or knowledge" (*Ramirez v Goldberg*, 82 AD2d 850, 852 [1981]; *see Cleland v Thirion*, 268 AD2d 842, 843 [2000]; *Kellogg v Kellogg*, 185 AD2d 426, 427 [1992]), acknowledging that no one factor was determinative (*see Kyle v Brenton, supra* at 1037).

Plaintiff, seeking to prove "the indicia of such a relationship" (*F&K Supply v Willowbrook Dev. Co., supra* at 920; *see Cleland v Thirion, supra* at 843-844), proffered evidence that for over 30 years, he and defendant worked side-by-side, with both of them making daily sacrifices for the benefit of the farm. Their income was tied to its success and, although defendant had a greater role in its management and day-to-day operations, decisions regarding its structural improvements were made by both of them. Evidence also established that they both contributed their property, skill and knowledge to the operation, albeit in unequal amounts. Finally, testimony from plaintiff, defendant's wife and others, indicated that there had been discussions about the existence of an unwritten partnership between them. As Supreme Court's decision reflects a careful review of this evidence and a deliberate application of the relevant law, we will not disturb its determination.

Nor do we find that either the statute of limitations or the statute of frauds requires a dismissal of the complaint. Supreme Court determined that the dissolution of the partnership was in April 1999, years after the commencement of this action (*see* CPLR 213 [1]; Partnership Law § 74; *Sagus Mar. Corp. v Rynne & Co.*, 207 AD2d 701, 702 [1994]). Moreover, the statute of frauds was no bar to this oral partnership agreement (*see Prince v O'Brien*, 234 AD2d 12, 12 [1996]), deemed to be at will, and continued for an indefinite period (*see Rella v McMahon*, 169 AD2d 555, 555 [1991]; *Missan v Schoenfeld*, 95 AD2d 198, 208 [1983], *appeal dismissed* 60 NY2d 860 [1983]).

Next addressing defendant's procedural contentions regard-

ing Supreme Court's improper exclusion of certain exhibits into evidence, the record does not indicate that the disputed exhibits were even offered. The only viable contention concerns exhibit J, which appears to have been conditionally admitted and then excluded. Yet, defendant failed to preserve any objection thereto and, in fact, conceded that the relevant information from that exhibit was already in the record (*see Winchell v Caron*, 260 AD2d 888, 888 [1999]). Finding no merit to any of defendant's remaining contentions, including the allegation that Supreme Court arbitrarily denied the pending motions in a posttrial order, we affirm.

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs.