# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**621**
**CA 13-02051**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

MICHAEL FASOLO AND PREMIER BUILDING GROUP, INC.,
PLAINTIFFS-APPELLANTS,

V                                                        MEMORANDUM AND ORDER

JOSEPH A. SCARAFILE, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

GUSTAVE J. DETRAGLIA, JR., UTICA, FOR PLAINTIFFS-APPELLANTS.

HISCOCK & BARCLAY, LLP, ALBANY (DAVID B. CABANISS OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered February 20, 2013. The order granted defendant's motion for summary judgment dismissing plaintiffs' second amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for, inter alia, breach of an alleged oral partnership agreement between Michael Fasolo (plaintiff) and defendant in connection with the development and sale of residential property. In appeal No. 1, plaintiffs appeal from an order that, inter alia, granted defendant's motion for summary judgment dismissing the second amended complaint. In appeal No. 2, plaintiffs appeal from an order denying their motion for leave to reargue and renew their opposition to defendant's motion. We note at the outset with respect to appeal No. 2 that the appeal from the order therein must be dismissed to the extent that Supreme Court denied leave to reargue (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984). We otherwise affirm the order in each appeal.

"A partnership is an association of two or more persons to carry on as co-owners a business for profit" (Partnership Law § 10 [1]; *see Czernicki v Lawniczak*, 74 AD3d 1121, 1124). "When there is no written partnership agreement between the parties, the court must determine whether a partnership in fact existed from the conduct, intention, and relationship between the parties" (*Czernicki*, 74 AD3d at 1124; *see Bianchi v Midtown Reporting Serv., Inc.*, 103 AD3d 1261, 1261; *Griffith Energy, Inc. v Evans*, 85 AD3d 1564, 1565). Relevant factors for the court to consider in determining whether a partnership existed include the intent of the parties, whether there was a sharing of profits and losses, and

whether there was joint control and management of the business (*see Bianchi*, 103 AD3d at 1261-1262; *Kyle v Ford*, 184 AD2d 1036, 1036-1037; *Blaustein v Lazar Borck & Mensch*, 161 AD2d 507, 508). "No one factor is determinative[ but, rather,] it is necessary to examine the parties' relationship as a whole" (*Kyle*, 184 AD2d at 1037).

Here, we conclude with respect to the order in appeal No. 1 that defendant met his initial burden of establishing that no partnership existed (*see Cleland v Thirion*, 268 AD2d 842, 843; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562). In support of the motion, defendant submitted, inter alia, plaintiff's deposition testimony and tax filings establishing that the parties did not file partnership tax returns and that plaintiff reported income and losses from the business on his personal income tax returns (*see F&K Supply v Willowbrook Dev. Co.*, 304 AD2d 918, 920-921, *lv denied* 1 NY3d 502; *Cleland*, 268 AD2d at 844). The alleged partnership did not have a business name or bank account, and there were no partnership assets or capital contributions, which "strongly suggests that no partnership existed" (*Kyle*, 184 AD2d at 1036; *see Brodsky v Stadlen*, 138 AD2d 662, 663; *cf. Czernicki*, 74 AD3d at 1125).

With respect to the residential property at issue, defendant established that it was owned solely by plaintiffs and that defendant had no legal interest in the property. "[A]lthough individual property ownership does not prove the absence of a partnership, it can be evidence that the parties did not intend to create a partnership relation" (Partnership Law & Practice § 5:16; *see F&K Supply*, 304 AD2d at 921). Moreover, plaintiff admitted that defendant never agreed to share plaintiffs' losses with respect to the property at issue, "which is an 'essential element' of a partnership" (*Prince v O'Brien*, 256 AD2d 208, 212; *see Needel v Flaum*, 248 AD2d 957, 958; *Brodsky*, 138 AD2d at 664; *see generally* Partnership Law & Practice § 5:14). The record further reflects that plaintiffs controlled the project, which weighs heavily against the existence of a partnership (*see F&K Supply*, 304 AD2d at 920-921; *see also Cleland*, 268 AD2d at 843-844; *Needel*, 248 AD2d at 958). Although defendant signed the purchase order for the property, he averred that he did so at plaintiff's "request and instruction."

We further conclude that plaintiffs failed to raise a triable issue of fact with respect to the existence of a partnership (*see Cleland*, 268 AD2d at 843-844; *Needel*, 248 AD2d at 958; *see generally Zuckerman*, 49 NY2d at 562). In opposition to the motion, plaintiffs submitted evidence that the parties had a longstanding business and personal relationship and that, on several occasions prior to the dispute at issue, they split the profits from the sales of homes on which they worked together. Although the sharing of business profits constitutes prima facie evidence of the existence of a partnership (*see* Partnership Law § 11 [4]), it is not dispositive; rather, "all of the elements of the relationship must be considered" (*Blaustein*, 161 AD2d at 508; *see Boyarsky v Froccaro*, 131 AD2d 710, 712). Here, the record establishes that the parties did not "carry on" a single business "*as co-owners*" (§ 10 [1] [emphasis added]). Instead, the evidence establishes that plaintiff and defendant each had their own businesses and that they periodically collaborated on projects for their mutual benefit (*see generally* Partnership Law & Practice § 5:1).

Defendant's occasional use of partnership terminology is insufficient to raise an issue of fact with respect to the existence of a partnership (*see Kyle*, 184 AD2d at 1037).

Finally, we reject plaintiffs' contention that the court erred in failing to consider plaintiff's purported "transcripts" of recorded conversations between the parties. Even assuming, arguendo, that the transcripts were properly before the court (*see generally Matter of Cross v Davis*, 269 AD2d 833, 834, *lv denied* 95 NY2d 756), we conclude that they do not raise an issue of fact whether the parties formed a partnership.

We conclude with respect to the order in appeal No. 2 that the court properly denied that part of plaintiffs' motion for leave to renew. It is well settled that "[a] motion for leave to renew must be based upon new facts that were unavailable at the time of the original motion" (*Boreanaz v Facer-Kreidler*, 2 AD3d 1481, 1482; *see* CPLR 2221 [e] [2]). Here, the evidence submitted on renewal, i.e., an affidavit of plaintiffs' accountant, simply defended the accounting attached to the original complaint and did not present any new facts (*see Blazynski v A. Gareleck & Sons, Inc.*, 48 AD3d 1168, 1170, *lv denied* 11 NY3d 825). In any event, we conclude that, "even if renewal had been granted, the . . . information [contained in the affidavit] would not have resulted in the denial of the original motion" (*Cole v Furman* [appeal No. 1], 285 AD2d 982, 982).

Entered: August 8, 2014                                    Frances E. Cafarell
                                                           Clerk of the Court