# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**702**

**CA 15-02040**

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

BROADWAY WAREHOUSE COMPANY,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                          MEMORANDUM AND ORDER

BUFFALO BARN BOARD, LLC, DEFENDANT,
EMPIRE BUILDING DIAGNOSTICS, INC., EBD
MANAGEMENT, LLC, AND DAVID R. PFALZGRAF, JR.,
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

BLAIR & ROACH, LLP, TONAWANDA (J. MICHAEL LENNON OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

WEBSTER SZANYI LLP, BUFFALO (ANDREW O. MILLER OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS-APPELLANTS EMPIRE BUILDING DIAGNOSTICS, INC.
AND EBD MANAGEMENT, LLC.

BOND SCHOENECK & KING, PLLC, BUFFALO (BRADLEY A. HOPPE OF COUNSEL),
FOR DEFENDANT-RESPONDENT-APPELLANT DAVID R. PFALZGRAF, JR.

---

Appeals from an order of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered March 30, 2015.  The order, among other
things, denied in part plaintiff's motion for partial summary judgment
and denied in part the cross motion of defendants Empire Building
Diagnostics, Inc., and EBD Management, LLC, for summary judgment
dismissing the second amended complaint against them.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion in its entirety,
and as modified the order is affirmed without costs.

Memorandum:  Plaintiff, Broadway Warehouse Company, and
defendants Empire Building Diagnostics, Inc. (Empire), EBD Management,
LLC (EBD), and David R. Pfalzgraf, Jr., appeal from an order that
denied plaintiff's motion for partial summary judgment on the second
cause of action in the consolidated second amended complaint
(complaint); granted plaintiff's motion for partial summary judgment
against Pfalzgraf on the sixth cause of action; granted that part of
the cross motion of Empire and EBD seeking summary judgment dismissing
the second and third causes of action against them; and denied that
part of their cross motion seeking summary judgment dismissing the
fourth and fifth causes of action against them.  We agree with
Pfalzgraf that Supreme Court erred in granting plaintiff's motion
insofar as it sought partial summary judgment against him on the sixth

cause of action, for breach of contract, and we therefore modify the order accordingly.

Plaintiff commenced this action seeking damages for, among other things, the alleged breach of a January 2008 lease agreement between plaintiff and defendant Buffalo Barn Board, LLC (BBB) pursuant to which BBB leased a warehouse from plaintiff for the purpose of storing lumber. Under the terms of the lease agreement, which was to expire in July 2009, plaintiff was "grant[ed] a security interest . . . in all of [BBB's] personal property used on or about the premises, including equipment, inventory and accounts," and plaintiff was authorized to "file an appropriate UCC financing statement . . . to perfect or confirm such security interest." Before plaintiff perfected its security interest on June 23, 2009, BBB sold all of its assets to EBD for $100 via an Asset Purchase Agreement (APA) dated May 28, 2009. The APA was intended to satisfy debts owed to Empire and its principals, who were also principals of EBD.

Subsequent to the APA, BBB sought and was granted several extensions to the lease agreement, the last of which was granted on October 20, 2009. In November 2009, BBB moved the lumber to a facility owned by an entity that was itself owned in part by several of the principals of Empire and EBD.

By December 2009, BBB owed plaintiff over $70,000 under the terms of the lease but, when notified of the amounts due and owing under the lease, defendant David R. Pfalzgraf, Jr., an attorney representing, inter alia, BBB, Empire, and EBD, asked plaintiff to "forebear from commencing any actions for 90 days" as BBB attempted to remain solvent through a restructuring of its business. By email, one of plaintiff's representatives agreed, but wrote that plaintiff "need[s] to be reasonably assured that [plaintiff's] security interest in BBB's inventory, etc. is not impaired while [plaintiff] defers initiating action(s) as [Pfalzgraf] requested . . . To that end, [plaintiff] requests that [Pfalzgraf] keep [plaintiff] informed every 30 days about . . . anything that is happening or has happened (not in the ordinary course of business) that has or might impair [plaintiff's] security interest." Pfalzgraf responded, writing "We will update you every 30 days. . ." As noted above, by the time of those emails, BBB had already transferred all of its assets to EBD and had moved those assets to a different facility.

BBB eventually went out of business, and plaintiff secured a judgment against BBB's principal, based on his personal guarantee of the lease. After BBB commenced bankruptcy proceedings, plaintiff learned that BBB's assets had been "commingled" with assets of others and thus concluded that a replevin action was no longer a viable remedy. As a result, plaintiff commenced this action against, inter alia, Empire, EBD and Pfalzgraf. In "counts" (hereafter, causes of action) two and three of the complaint, plaintiff alleged that Empire and EBD were liable on the lease because they were silent partners with BBB and had caused a dissolution of that partnership. In the fourth and fifth causes of action, plaintiff further alleged that Empire and EBD were liable for conversion and fraudulent conveyance of

BBB's assets.  In addition, in the sixth and seventh causes of action, plaintiff alleged that, as a result of the email agreement for plaintiff to forbear pursuing any action against BBB, Pfalzgraf was liable to plaintiff for breach of contract, as well as fraud and misrepresentation.

Contrary to the contention of plaintiff, the court properly denied that part of its motion seeking summary judgment on the second cause of action and properly granted that part of the cross motion of Empire and EBD seeking summary judgment dismissing the second and third causes of action against them.  Plaintiff failed to establish as a matter of law that Empire and EBD intended to act in a partnership with BBB; rather, Empire and EBD established as a matter of law that "there was [no] sharing of profits and losses, and [that] there was [no] joint control and management of [BBB's] business" (*Fasolo v Scarafile*, 120 AD3d 929, 930, *lv denied* 24 NY3d 992; *see Kyle v Ford*, 184 AD2d 1036, 1036-1037).  Although plaintiff submitted evidence that Pfalzgraf mentioned that BBB was "business partners" with Empire while representing BBB in bankruptcy proceedings, that reference was preceded by statements that BBB and Empire were "two separately incorporated businesses with separate and distinct ownership," and that the two entities would collaborate on projects to demolish barns to refurbish the wood and sell it.  Contrary to plaintiff's contention, the "use of partnership terminology is insufficient [to establish or] to raise an issue of fact with respect to the existence of a partnership" (*Fasolo*, 120 AD3d at 931; *see Kyle*, 184 AD2d at 1037).

Although plaintiff contends that the court erred in failing to conform the pleadings to the proof pursuant to CPLR 3025 (c) in order to incorporate plaintiff's new theories of liability based on, inter alia, agency, we conclude that the court did not abuse or improvidently exercise its discretion in failing to amend the pleadings in the absence of any motion by plaintiff (*see generally Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23, *rearg denied* 55 NY2d 801).  We decline to exercise our authority to do so as well, inasmuch as Empire and EBD would be prejudiced by adding those new theories of liability at this late stage in the proceedings, i.e., now that discovery is complete (*see Panasia Estate, Inc. v Broche*, 89 AD3d 498, 498; *Newburgh Winnelson Co. v Baisch Mech., Inc.*, 30 AD3d 495, 496; *cf. River Val. Assoc. v Consol. Rail Corp.*, 182 AD2d 974, 976).

Empire and EBD contend that the court erred in denying that part of their cross motion seeking summary judgment dismissing the fourth and fifth causes of action against them.  We reject that contention. Initially, we note that, based on the record before this Court, Empire and EBD improperly contend for the first time on appeal that the court erred in failing to analyze the conversion and fraudulent conveyance claims against Empire and EBD separately (*see Oram v Capone*, 206 AD2d 839, 840).  In any event, we conclude that, even assuming, arguendo, Empire and EBD established their entitlement to judgment as a matter of law on the conversion and fraudulent conveyance causes of action, plaintiff raised triable issues of fact sufficient to defeat the cross motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

With respect to the fourth cause of action, for conversion, "[t]wo key elements of conversion are (1) plaintiff's possessory right or interest in the property . . . and (2) [a] defendant's dominion over the property or interference with it, in derogation of plaintiff's rights" (*Colavito v New York Organ Donor Network*, *Inc.*, 8 NY3d 43, 50; *see Palermo v Taccone*, 79 AD3d 1616, 1619-1620). In this case, it is undisputed that BBB's principal provided the lease agreement between plaintiff and BBB, which provided plaintiff with a security interest in BBB's assets, to the principals of Empire and EBD before EBD entered into the APA with BBB. Thus, "[a]lthough plaintiff's security interest was unperfected, plaintiff's rights would be superior to those of a buyer [such as Empire or EBD] who purchased [the secured assets] with actual knowledge of plaintiff's security interest" (*Reisdorf Bros. v Clinton Corn Processing Co.*, 130 AD2d 951, 951). Here, plaintiff raised triable issues of fact whether the principals of Empire and EBD had actual knowledge of plaintiff's security interest and, therefore, summary judgment on the conversion cause of action was properly denied.

With respect to the fifth cause of action, for fraudulent conveyance, we conclude that Empire and EBD failed to meet their initial burden of establishing their entitlement to judgment as a matter of law (*see generally Zuckerman*, 49 NY2d at 562). While it is well settled that "[n]o relief is available to a judgment creditor on a [fraudulent conveyance] cause of action . . . against a party who . . . is not a transferee of the assets or a beneficiary of an alleged fraudulent conveyance" (*Citicorp Trust Bank, FSB v Makkas*, 127 AD3d 907, 908, *lv denied* 26 NY3d 901; *see Federal Deposit Ins. Corp. v Porco*, 75 NY2d 840, 842), the evidence submitted by Empire and EBD raised triable issues of fact whether Empire, as well as EBD, benefitted from the conveyance of assets from BBB to EBD. Moreover, despite the contentions of Empire and EBD that the assets were "worthless" at the time of the conveyance, the evidence submitted by Empire and EBD in support of their cross motion raised triable issues of fact whether the conveyance was made without fair consideration or whether BBB, as grantor of the assets, was insolvent or "rendered insolvent by the conveyance" (*Berner Trucking v Brown*, 281 AD2d 924, 924; *see* Debtor & Creditor Law §§ 271 [1]; 272 [a]; 273-275; *Tap Holdings, LLC v Orix Fin. Corp.*, 109 AD3d 167, 176-177).

Finally, addressing the sixth cause of action, for breach of contract against Pfalzgraf, we conclude that the court erred in granting that part of plaintiff's motion seeking summary judgment on that cause of action. As plaintiff conceded in its complaint, Pfalzgraf was at all times acting "as an attorney at law and agent for BBB and [its principal]." "An agent dealing on behalf of a disclosed principal is not liable for [his or] her principal's breach of contract absent evidence that the agent intended to be bound personally on the contract" (*Sirles v Harvey*, 256 AD2d 1227, 1228; *see Salzman Sign Co. v Beck*, 10 NY2d 63, 67). Plaintiff failed to meet its initial burden of establishing by "clear and explicit evidence" that Pfalzgraf intended "to substitute or superadd his personal liability for, or to, that of his principal" (*Salzman Sign Co.*, 10 NY2d at 67 [internal quotation marks omitted]). Based on our

conclusion, we do not address the other grounds raised by Pfalzgraf on his appeal.