■ I. KASZIRER DIAMONDS, LTD., Respondent, v ZOHAR CREATIONS, LTD., et al., Appellants.—Judgment of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered April 15, 1988, which, upon plaintiff's motion for summary judgment, adjudged both defendants liable to plaintiff for money damages, unanimously modified, on the law and the facts, to vacate judgment as against defendant Rudel, and otherwise affirmed, without costs.

Plaintiff seeks to recover the value of diamonds delivered by it to defendant Rudel pursuant to written contract, denominated a "Memorandum", which placed all risks of loss upon the party taking delivery of merchandise described therein. Although the Memorandum is in terms addressed to "Zohar Creations", a corporation in which Rudel is a shareholder, it was signed by Rudel without indication that in doing so he was acting as Zohar's agent. Plaintiff brought this action against both Zohar and Rudel for breach of the Memorandum when Rudel did not return all of the diamonds. Rudel and Zohar served a joint answer, verified by Rudel, asserting various defenses, including one applicable only to Rudel to the effect that he could not be held personally liable for the loss of the diamonds since he signed the Memorandum only as Zohar's agent. Plaintiff moved for summary judgment, submitting the affidavit of an officer which did not address the question of Rudel's individual liability under the Memorandum, and a memorandum of law which argued that Zohar's corporate identity should be disregarded because it was not

indicated either in the Memorandum itself or by Rudel's signature. In opposition to the motion, defendants submitted only an attorney's affirmation which, insofar as it spoke to the question of Rudel's individual liability, argued that the Memorandum showed a "clear disclosure of agency". In reply, plaintiff submitted certain recently promulgated bylaws of the Diamond Dealers Club, Inc. providing, in pertinent part, that each of its members was to be personally responsible for all transactions entered into with other members, regardless of whether the former conducts business through a corporation. No reference to these bylaws was made in the Memorandum.

IAS granted judgment against both Zohar and Rudel, finding, insofar as Rudel was concerned, that he had failed to submit evidence refuting that he had acted in an "individual capacity" as well as in his admitted capacity as agent for Zohar. We modify because neither was any evidence submitted by plaintiff such as to impose upon Rudel a burden of refutation which was not already satisfied by the averments made in his answer. Aside from the matter contained in plaintiff's reply papers, the only evidence submitted by plaintiff bearing upon Rudel's individual liability was the Memorandum itself, which, addressed as it was only to Zohar, suggested that only Zohar was to be bound thereby *(see,* 2 NY Jur 2d, Agency, § 180), yet, signed as it was by Rudel without a clear indication that he did so as Zohar's agent, suggested that Rudel's liability was to be superadded to Zohar's *(see, id.,* § 181). The Memorandum, in other words, is ambiguous on its face as to whether it was the intent of the parties to bind Rudel as well as Zohar.

Rudel's failure to sign the Memorandum in the name of his principal does not by itself conclusively demonstrate that the parties intended that he was to be personally liable for a loss of the diamonds. A contract negotiated by an agent for a known principal does not become the contract of the agent simply because he " 'signs his own name without taking the precaution to tell the person to whom he is writing that he is acting for his principal which is already fully understood.' " *(Shoenthal v Bernstein,* 276 App Div 200, 205, quoting *Hernandez v Brookdale Mills,* 194 App Div 369, 381.) A fortiori, absent proof of a contrary intention, an agent should not be held liable where the principal is not only mentioned in the writing but appears to be the only party to whom the writing is addressed. Proof extrinsic to the Memorandum is therefore necessary to show whether the parties intended to make Rudel a party thereto as well as Zohar *(supra; see also, Cobb v*

*Knapp,* 71 NY 348). Such proof was offered by plaintiff, but only in its reply papers, thereby depriving defendants of an opportunity to respond, and thus should not have been considered by IAS, if indeed it was. The foregoing is not to suggest that the proof contained in plaintiff's reply would have warranted summary judgment had it been brought forward by plaintiff in a proper manner.

We find no merit to plaintiff's contention that since the Memorandum did not indicate that Zohar Creations, the party to whom it was addressed, was a corporation, the corporate existence of that party should be disregarded. The suggestion here, apparently, is that use of the name "Zohar Creations" was inadequate to convey to plaintiff knowledge of who it was doing business with. While it is true that the identity of the principal as well as the fact of agency must be disclosed in order to absolve an agent of liability *(see,* 3 NY Jur 2d, Agency, § 313), it is enough to note, in this regard, that nowhere in its papers did plaintiff actually deny knowledge of Zohar's corporate existence, or assert that in dealing with Rudel it did not know that it was also dealing with Zohar *(see, id.,* § 314).

We have considered defendants' other defenses and find them to be without merit. Concur—Kupferman, J. P., Carro, Asch, Rosenberger and Wallach, JJ.