■ NIGHTINGALE RESTAURANT CORP., Respondent, v SHAK FOOD CORP. et al., Defendants, and LOUIS TAUBENBLAT, Appellant.—Judgment of the Supreme Court, New York County (Andrew R. Tyler, J.), entered on April 25, 1988, which dismissed the counterclaim of defendant-appellant Taubenblat in its entirety and granted the plaintiff judgment against defendant Taubenblat in an amount totaling $17,709.79, is unanimously affirmed, without costs.

On a bench trial, the decision of the fact-finding court should not be disturbed on appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact

rest in large measure on considerations relating to the credibility of witnesses *(Matter of Poggemeyer,* 87 AD2d 822, 823). Here, the record supports the Trial Judge's conclusions.

There was competent evidence to show that defendant Taubenblat represented defendants Shak Food Corp. and Mike Shak in the sale of a coffee shop and restaurant business to the plaintiff. In response to questions from plaintiff's counsel over a possible credit for accumulated interest, and the amount of future interest, on an accompanying chattel mortgage, defendant Taubenblat provided a schedule showing interest payments in descending amounts, and represented that this was an accurate schedule. Defendant Taubenblat did so to induce the plaintiff to close on the purchase. After the closing, counsel for the chattel mortgagee provided the plaintiff with a true schedule showing increasing payments. As a consequence, the plaintiff was damaged in the amount of $11,237.50.

Contrary to defendant's argument on appeal, there was competent evidence to show a false representation of material facts, with intent to defraud, justifiable reliance, and resulting damages *(Bramex Assocs. v CBI Agencies,* 149 AD2d 383, 384). We have reviewed defendant's other arguments and find them to be without merit. Concur—Ross, J. P., Asch, Milonas, Rosenberger and Ellerin, JJ.