## SOUTHERN INDUSTRIES OF CLOVER, LTD., Plaintiff–Appellee,

v.

## Rami KATTAN and ABE Kattan, Defendants–Appellants,

## Zenev Textiles S.A. and Venez Textiles, USA, Inc., Defendants.

No. 04–4073–CV.

United States Court of Appeals, Second Circuit.

June 10, 2005.

**6**

Walter F. Ciacci, Della Mura & Ciacci LLP, Bronx, NY., for Appellee.

Jack R. Reiter, Adorno & Yoss, P.A., Miami, FL (Arent Fox Pllc, New York, NY, on the brief), for Appellants.

Present: WALKER, Chief Judge, FEINBERG, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court is **AFFIRMED.**

Abe and Rami Kattan appeal from the judgment of the district court (Harold Baer, Jr., *Judge*) finding them liable, after a bench trial, as personal guarantors of a debt owed by Zenev Textiles, S.A., to Southern Industries of Clover, Ltd. ("Southern"). *See Southern Indus. of Clover, Ltd. v. Zenev Textiles S.A.*, No. 02 Civ. 8022, 2004 WL 193176 (S.D.N.Y. Feb. 2, 2004). We have jurisdiction under 28 U.S.C. § 1291. We assume familiarity with the facts and proceedings below.

■ On appeal, the Kattans first argue that the disputed guarantee was unambiguously executed by Venez Textiles only and that the district court erred in finding that the guarantee was ambiguous as to whether it was corporate or personal. Under New York law (which the parties agree applies), whether a contract is ambiguous is a question of law. *W.W.W. Assocs. v. Giancontieri*, 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 566 N.E.2d 639 (1990). Reviewing de novo the district court's decision on this question, we agree that the guarantee was ambiguous. Some aspects pointed toward construing it as a corporate guarantee—inter alia, the title "Cross Corporate Guarantee" and the corporate name beneath the signers' names—but other aspects—the signers' failure to indicate any corporate title after their names, the guarantee's circularity if construed as signed by Venez (the signers purported to guarantee both Zenev's and Venez's debt), and the signatures of three corporate officers when only one was necessary—suggested that it was a personal guarantee. JA 53–54.

Because the guarantee was ambiguous, the court properly considered extrinsic evidence to resolve the ambiguity. *See, e.g., I. Kaszirer Diamonds, Ltd. v. Zohar Creations, Ltd.*, 146 A.D.2d 492, 536 N.Y.S.2d 449, 493 (1989). The Kattans argue that the district court measured this evidence against the wrong standard by failing to require clear and explicit evidence that the Kattans signed the guarantee in their personal capacity. Even if the Kattans are correct that the district court found by only a preponderance of the evidence that the guarantee was personal—a question we do not decide—we nonetheless decline to remand because "the record permits only one resolution of the factual issue." *Pullman–Standard v. Swint*, 456 U.S. 273, 292, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982). The district court found it "incredible that [Southern] would have accepted a guaranty solely from Venez USA for Zenev's obligations." *Southern Indus.*, 2004 WL 193176, at *4. We agree. On the record as a whole, it is beyond cavil that Southern demanded, and the Kattans executed, a personal guarantee.

The Kattans also argue that the district court erred in admitting into evidence a letter written by Abe Kattan that Southern did not disclose until the night before the trial. We hold that the district court did not abuse its discretion in admitting the letter given that (1) Abe Kattan, the party opposing the letter's admission, acknowledged that he wrote it; (2) the district court, when admitting the letter, expressly noted that the Kattans would have the chance to challenge its authenticity, Tr. at 41; and (3) the Kattans have not alleged bad faith on Southern's part in failing to produce the letter earlier. Under the circumstances, although Southern's failure to disclose the letter violated Federal Rule of Civil Procedure 26(a)(1)(B), that failure to disclose was harmless. The district court therefore was not required by Federal Rule of Civil Procedure 37(c)(1) to exclude the letter and did not abuse its discretion in admitting it.

We have considered all of the Kattans' remaining arguments and find them meritless. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**