OPINION OF THE COURT
Per Curiam.
Order entered March 15, 2007, affirmed, without costs.
This breach of contract action, seeking to hold defendant Margie Beifeld personally liable for advertising services rendered by plaintiff, was properly dismissed. Where, as here, there is a disclosed principal-agent relationship and the contract relates to a matter of the agency, the agent will not be personally bound unless there is clear and explicit evidence of the agent’s intention to be bound (see I. Kaszirer Diamonds v Zohar Creations, 146 AD2d 492, 494 [1989]). “The fact that the agent signs the purported agreement in his own name is of no moment where the party alleging personal liability on the agent’s part was aware that the agent was, in fact, acting as an agent for a disclosed principal” (John Holzer Assoc. v Orta, 250 AD2d 737, 737-738 [1998]). As the motion court correctly held, defendant’s documentary evidence established that Beifeld Jewelers was the trade name of Bei-Jewel Corp., a closely held corporation of which defendant Margie Beifeld was one of several employees, and that defendant signed the contract as an agent of Beifeld Jewelers. The absence of a reference to a corporate office above or below defendant’s personal signature does not prove otherwise (see Newman v Berkowitz, 50 AD3d 479 [2008]), where the contract clearly identified Beifeld Jewelers as the advertiser/agency and included the following language: “Agency and the person signing on behalf of the agency represent that they are authorized to execute this contract on behalf of the advertiser and that advertiser approves same.” Thus, the plain language of the agreement established that defendant was acting as an agent for a disclosed principal and that plaintiff had notice of her status.
Plaintiffs opposing submission was insufficient to defeat summary judgment. Plaintiff failed to submit an affidavit of a person with personal knowledge to support its contention that it had no prior knowledge that Beifeld Jewelers was a corporation and, moreover, is incorrect in arguing that the full corporate name as registered with the Secretary of State had to be disclosed (see *63 Unger v Travel Arrangements, 25 AD2d 40 [1966]; see also Viacom Outdoor, Inc. v Cerullo, 2006 WL 2289851, 2006 US Dist LEXIS 55238 [US Dist Ct, SD NY 2006, Cote, J.]). As an agent, defendant was merely required to give “such complete information concerning [her] principal’s identity that [she] can be readily distinguished” (Restatement [Second] of Agency § 321, Comment a [1958]). Inasmuch as the governing contractual agreement identified Beifeld Jewelers as the principal, listed its address and telephone number, and indicated that defendant was signing on behalf of Beifeld Jewelers, defendant met her disclosure obligations.
McKeon, EJ., and Schoenfeld, J., concur.