■ COOK & ASSOCIATES REALTY, INC., Appellant, v CHRISTO-PHER CHESTNUTT et al., Respondents. [885 NYS2d 487]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered August 5, 2008, which, following a nonjury trial, granted judgment to defendants dismissing the complaint, unanimously reversed, on the law and the facts, with costs. The Clerk is directed to enter judgment in plaintiff's favor in the amount of $31,250 as against defendant Christopher Chestnutt.

In this breach of contract action to recover the remainder of a broker's commission, plaintiff was retained by defendant Chestnutt (the principal of defendant Teddy's International, Inc.) to locate a commercial space suitable for his restaurant. After finding a space that was suitable to Chestnutt, Cook drafted an offer letter, in which Cook referred to Chestnutt as its customer. Thereafter, Chestnutt signed a commission agreement which provided for a commission of $40,000 upon his entering into a contract of sale for the space, to be paid in monthly installments.

However, after negotiations outside of plaintiff's presence, Chestnutt, as an individual, entered into a membership purchase agreement, whereby he purchased a controlling interest in L-Ray, a corporation which was operating a restaurant at the space which had been located by plaintiff. The membership purchase agreement allowed Chestnutt to obtain the long-term lease to the space without entering into a contract of sale as was originally contemplated. In addition, the membership purchase agreement specifically noted that Chestnutt had retained Cook as the broker for the transaction and indemnified L-Ray for any broker commission owed. After paying the first few monthly installments of plaintiff's commission, totaling $8,750, Chestnutt ceased payments and this action ensued.

The commission agreement does not establish that defendant Teddy's International, Inc. was an intended party to the contract. While Chestnutt entered the commission agreement on behalf of "El Teddy's" (a trade name for defendant Teddy's International, Inc.), he did not fully disclose the identity of the principal he was purportedly representing (*see I. Kaszirer Diamonds v Zohar Creations*, 146 AD2d 492 [1989]). Indeed, there was no full disclosure that Chestnutt was acting solely as an agent for Teddy's International, Inc. and defendants failed to offer any evidence to establish that Chestnutt was acting on behalf of a corporation. To the contrary, the parties' course of conduct revealed Chestnutt's intention to be personally bound. Chestnutt was referred to as the customer in the offer letter and plaintiff always personally dealt with Chestnutt over a period of months. Moreover, Chestnutt acknowledged his intention to be personally bound in the membership purchase agreement, stating that he had retained Cook as the broker in connection with the transaction.

Plaintiff may also recover under the theory of account stated since Chestnutt never objected within a reasonable time to the invoices he received for the commission (*Ruskin, Moscou, Evans & Faltischek v FGH Realty Credit Corp.*, 228 AD2d 294 [1996])

and made partial payment thereon. Concur—Gonzalez, P.J., Andrias, Catterson, Acosta and Abdus-Salaam, JJ.