■ WORMSER, KIELY, GALEF & JACOBS, LLP, Respondent, v JACOB FRUMKIN, Appellant, et al., Defendants. [5 NYS3d 9]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered March 17, 2014, which denied the motion of defendant Jacob Frumkin to dismiss the complaint as against him in his individual capacity, unanimously affirmed, without costs.

The motion court providently exercised its discretion in denying Frumkin's motion to dismiss the complaint as against him

in his individual capacity, as the retainer agreement, which supplemented a prior agreement, is ambiguous as to who may be liable for attorneys' fees (*see Hambrecht & Quist Guar. Fin., LLC v El Coronado Holdings, LLC*, 27 AD3d 204 [1st Dept 2006]). In determining whether the person signing an agreement may be held liable in his individual capacity, "it is not sufficient to look only at the signature line in isolation. What is written on a signature line must be understood in the light of the entire agreement" (*Bonnant v Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 467 Fed Appx 4, 8 [2d Cir 2012]).

Although "[i]t has long been the rule that ambiguities in a contractual instrument will be resolved *contra proferentem*, against the party who prepared or presented it" (*151 W. Assoc. v Printsiples Fabric Corp.*, 61 NY2d 732, 734 [1984]), the doctrine is inapplicable here given Frumkin's status as an experienced attorney and his acknowledged participation in negotiating the terms of the retainer agreement (*see Cummins, Inc. v Atlantic Mut. Ins. Co.*, 56 AD3d 288, 290 [1st Dept 2008]).

We have considered Frumkin's remaining contentions and find them unavailing. Concur—Friedman, J.P., Andrias, Moskowitz, DeGrasse and Richter, JJ.