■ J. ZUPNICK & Co., LLC, Respondent, v S. RAFAEL CORP. et al., Defendants, and SOL RAFAEL, Appellant. [18 NYS3d 611]—

Judgment, Supreme Court, New York County (Arthur Engoron, J.), entered October 21, 2014, after a bench trial, awarding plaintiff damages against defendant Sol Rafael in the total amount of $1,439,363.77, unanimously affirmed, with costs.

Plaintiff seeks payment for 37 diamonds that it delivered to defendant Sol Rafael and his company, defendant S. Rafael Corp., pursuant to a memo agreement that listed the corporate defendant as the customer, with Sol Rafael's name appearing underneath that. There is no basis for rejecting the trial court's credibility findings, as the evidence in the record, particularly Sol's affidavit, supports the trial court's finding that Sol Rafael signed the memo, despite his denial at trial (*see Nightingale Rest. Corp. v Shak Food Corp.*, 155 AD2d 297, 297-298 [1st Dept 1989], *lv denied* 76 NY2d 702 [1990]). Because the agreement is ambiguous on its face as to whether the parties intended Sol Rafael to be personally liable for the diamonds (*see I. Kaszirer Diamonds, Ltd. v Zohar Creations, Ltd.*, 146 AD2d 492, 493 [1st Dept 1989]), the trial court, when interpreting the memo, properly considered parol evidence concerning custom and usage in the diamond dealing industry (*see id.*; *Zurakov v Register.Com, Inc.*, 304 AD2d 176, 179 [1st Dept

2003]). The expert's testimony concerning industry custom and usage supports the finding that, by putting Sol Rafael's name on the memo, the parties intended him to be personally liable if he accepted the diamonds, which he admitted that he did.

The conversion claim is duplicative of the breach of contract claim (*see Kopel v Bandwidth Tech. Corp.*, 56 AD3d 320, 320 [1st Dept 2008]), which is sufficient to support the judgment against Sol Rafael. Concur—Tom, J.P., Renwick, Andrias, Moskowitz and Manzanet-Daniels, JJ.