■ EASTERN CONSOLIDATED PROPERTIES, INC., Respondent, v 5 EAST 59 REALTY HOLDING COMPANY, LLC, et al., Appellants, et al., Defendants. [44 NYS3d 754]—

Judgment, Supreme Court, New York County (Jeffrey K. Oing, J.), entered September 24, 2015, in favor of plaintiff, against defendant 5 East 59 Realty Holding Company, LLC, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about July 7, 2015, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Contrary to the contentions of defendants 5 East 59 Realty Holding Company, LLC and Alexandros Demetriades, the language of the written commission agreement is unambiguous. Pursuant to the agreement, defendant 5 East 59 Realty Holding expressly agreed to pay plaintiff a fee of 1.75% of the purchase price if plaintiff introduced defendants to the party (and any related entities) that ultimately purchased the property at a closing. Plaintiff introduced Paulo Agnelo Malzoni to defendants. Malzoni was the principal of the ultimate purchaser of the property. Thus, plaintiff is entitled to its fee.

Defendants' argument that plaintiff is not entitled to a fee because it was not the "procuring cause" or "direct and proximate link" for the sale is unavailing, because the parties

entered into an agreement that did not make the fee contingent on plaintiff's negotiation of the transaction (see *Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158, 162-163 [1993]; *Matter of TBA Global, LLC v Fidus Partners, LLC*, 132 AD3d 195, 205 [1st Dept 2015]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Friedman, J.P., Renwick, Richter, Moskowitz and Kapnick, JJ. ■