GCP Capital Group LLC v Greco (2021 NY Slip Op 05812)





GCP Capital Group LLC v Greco


2021 NY Slip Op 05812


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Kern, J.P., Oing, Singh, Mendez, Higgitt, JJ. 


Index No. 654869/19 Appeal No. 14468-14468A Case No. 2020-02536 2020-03338 

[*1]GCP Capital Group LLC, Plaintiff-Respondent,
v
Louis . Greco, Jr., et al., Defendants-Appellants.


DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains (Eric J. Mandell of counsel), for appellants.
LaRocca Hornik Rosen & Greenberg LLP, New York (Jared E. Blumetti of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered July 13, 2020, as amended, in favor of plaintiff against defendants Louis V. Greco, Jr. and 22 BNDO, LLC, unanimously modified, on the law, to vacate the judgment as against Greco, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 6, 2020, which, inter alia, granted plaintiff's motion for summary judgment as against Greco, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Contrary to defendants' contentions, the language of the written commission agreement is unambiguous as to whether plaintiff is entitled to a commission. Defendant 22 BNDO LLC (BNDO) expressly agreed to pay plaintiff a fee if plaintiff assisted with mortgage extension and workout negotiations regarding the property "in any amount and/or terms to which Borrower [BNDO and certain others] may agree." It is undisputed that plaintiff so assisted BNDO and that BNDO entered into a renegotiated loan with the lender. Thus, plaintiff is entitled to its commission, which was earned and payable on the date on which BNDO entered into the loan modification agreement (see Eastern Consol. Props., Inc. v 5 E. 59 Realty Holding Co., LLC, 146 AD3d 622 [1st Dept 2017]).
However, the language of the commission agreement is ambiguous as to the meaning of "person . . . affiliated with" BNDO, and Greco's signature on the agreement is ambiguous as to whether he intended to be bound individually. Thus, an issue of fact as to whether Greco, individually, was intended to be a party to the agreement along with BNDO precludes summary judgment in plaintiff's favor as against Greco on its breach of contract claim (see Wormser, Kiely, Galef & Jacobs, LLP v Frumkin, 125 AD3d 516 [1st Dept 2015]; Florence Corp. v Penguin Constr. Corp., 227 AD2d 442 [2d Dept 1996]; I. Kaszirer Diamonds, Ltd. v Zohar Creations, Ltd., 146 AD2d 492 [1st Dept 1989]).
The ambiguity in the phrase "affiliated with" in the agreement also presents an issue of fact as to whether defendant SDS was intended to be bound by the agreement.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021